In the Matter of LEONARD W. EVERHART et al., Respondents, v. WILLIAM JOHNSTON, JR., et al., Constituting the Zoning Board of Appeals of the Town of Bethlehem, Respondents, and ST. REGIS AGENCY, INC., Appellant.— AULISI, J. Appeal from an order and a judgment of the Supreme Court at Special Term entered November 15, 1967 in Albany County which, in a proceeding under CPLR article 78, annulled a determination of the Zoning Board of Appeals of the Town of Bethlehem granting a variance from the Zoning Ordinance of the Town of Bethlehem to St. Regis Agency, Inc., to alter an existing structure for use as an insurance and real estate office and two apartments. Appellant owns property located at 878 New Scotland Road, which was formerly in the Town of Bethlehem and which now is annexed to the City of Albany. The property, upon which is located a large one-family house, is zoned Residence "A" which allows single family and two-family dwellings, and with a special permit allows other uses, including four-family apartment houses. On November 2, 1966 appellant applied to the Board of Zoning Appeals of the Town of Bethlehem for a use variance to permit it to renovate the existing structure to house an insurance agency and real estate office plus apartments. After a hearing at which the president of appellant testified in favor of the variance and more than 10 local residents voiced objections to the application, the board granted the variance. Special Term found that upon the proof presented at the hearing, the action of the board in granting the variance was arbitrary and capricious and therefore annulled the determination. The appellant seeking, as it does, to use the property for a purpose which is specifically prohibited by the zoning ordinance, must sustain the burden of establishing that (1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself; and (3) that the use to be authorized by the variance will not alter the essential character of the locality (*Matter of Otto* v. *Steinhilber,* 282 N. Y. 71, 76, mot. for rearg. den. 282 N. Y. 681.) We do not pass on the

proof with regard to the second and third requirements since we find that there is a complete lack of the requisite proof as to the first requirement. A mere showing of present loss is not enough. In order to establish a lack of "reasonable return", the applicant must demonstrate that the return from the property would not be reasonable for each and every permitted use under the ordinance (*Matter of Forrest* v. *Evershed,* 7 N Y 2d 256, 262). Moreover, an applicant can sustain his burden of proving lack of reasonable return from permitted uses only by "dollars and cents" proof (see *ibid.*; see, also, *Matter of Crossroads Recreation* v. *Broz,* 4 N Y 2d 39, 44). The only proof in the record before us concerning this requirement was the testimony of appellant's president, who gave an unsupported opinion that it would not be economical to renovate the property for residential purposes. Even though this opinion was given under the guise of expertise, it was clearly inadequate under the rules set out above. The fact that appellant anticipated an income of $500 a month from the office and apartments is unimportant, even if it had established that it would realize a greater return under the intended use than under the permitted use, appellant would not have sustained its burden of proof. That the permitted use may not be the most profitable use is immaterial (*Matter of Crossroads Recreation* v. *Broz, supra,* p. 46). Finally, as Special Term correctly pointed out, one who knowingly acquires land for a prohibited use cannot thereafter have a variance on the ground of "special hardship" (*Matter of Clark* v. *Board of Zoning Appeals,* 301 N. Y. 86, 89, mot. for rearg. den. 301 N. Y. 681, cert. den. 340 U. S. 933). In view of our conclusion that, as a matter of law, there is no proof to support the granting of the variance, we need not pass on respondents' argument that the present appeal has become moot. Order and judgment affirmed, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Aulisi, J.