■ In the Matter of PHILIP J. SOLLA, Appellant, v JOSEPH SIMONDS et al., Constituting the Board of Appeals of the Incorporated Village of Lindenhurst, Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Incorporated Village of Linden-hurst, dated July 9, 1980, which denied petitioner's application for a use variance, the appeal is from a judgment of the Supreme Court, Westchester County (Wood, J.), dated May 11, 1981, which dismissed the petition and confirmed the determination. Judgment affirmed, without costs or disburse-ments. The petitioner and his wife are the owners of a house in which he also maintains his chiropractic office. The Lindenhurst zoning ordinance permits a professional office as an accessory use provided the owner-professional resides at the same premises. After several years of working and residing at the same premises, the petitioner applied for a use variance to permit him to lease the residential portion of the premises, while still maintaining his office in the other portion of the house. At the hearing on his application petitioner testified that his family had outgrown the home and that he was concerned about the safety of his two children. He failed, however, to demonstrate unnecessary hardship or that the property could not yield a reasonable return as presently zoned (see *Matter of Otto v Steinhilber,* 282 NY 71; *Matter of Crossroads Recreation v Broz,* 4 NY2d 39; *Matter of Everhart v Johnston,* 30 AD2d 608). Furthermore, if any hardship existed it was self-created because petitioner purchased the premises while aware of the restriction in the zoning ordinance (see *Matter of Everhart v Johnston, supra; Matter of Asch v Gillispie,* 14 AD2d 543). "Even if [petitioner] * * * did not have a prohibited use in mind when he purchased the property * * * the then existence of a restrictive zoning ordinance is more controlling than the subjective intent of the purchaser" (see *Matter of Kenyon v Quinones,* 43 AD2d 125, 127). In addition, the fact that similar variances were granted to other residents in the vicinity does not mean that petitioner's application was arbitrarily denied (see *Matter of Lemir Realty Corp. v Larkin,* 11 NY2d 20, 25; *Matter of Crossroads Recreation v Broz,* 4 NY2d 39, *supra; Matter of Larkin Co. v Schwab,* 242 NY 330, 335). We have considered petitioner's other argument and find it to be without merit. Lazer, J. P., Gibbons, Cohalan and Bracken, JJ., concur.