■ In the Matter of IRIS DE LA TORRE BUENO et al., Appellants, v BOARD OF APPEALS ON ZONING OF THE CITY OF NEW ROCHELLE, Respondent. HARBORSIDE TOWERS DEVELOPMENT COMPANY, Intervenor-Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals on Zoning of the City of New Rochelle dated April 22, 1987, which, *inter alia,* granted an application for a rear-yard setback variance, the petitioners appeal from so much of a judgment of the Supreme Court, Westchester County (West, J.), entered September 11, 1987, as sustained the granting of the variance.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs payable to the respondent-respondent and the intervenor-respondent.

On this appeal, the petitioners, who are contiguous property owners, claim that the respondent-respondent improperly granted a rear-yard setback variance to Harborside Towers Development Company (hereinafter Harborside) because it had not met its burden of establishing practical difficulty. In order to meet its burden, Harborside was required to establish that "as a practical matter [it] cannot utilize [its] property or a structure located thereon 'without coming into conflict with certain of the restrictions of the [zoning] ordinance' " *(Matter of Fuhst v Foley,* 45 NY2d 441, 445, quoting 3 Rathkopf, Zoning and Planning, ch 45, § 1 [4th ed]; *see also, Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 139, *affd* 67 NY2d 702).

In this case the City Council of the City of New Rochelle rezoned the subject parcel to a residential district in which a 12-story apartment building is a permitted use. The amendment of the zoning ordinance was conditioned upon the execution of a private declaration which provided in part, that the condominium complex which Harborside proposed to construct would be built according to the site plan which had previously been submitted to the Planning Board of the City of New Rochelle. "When conditions are incorporated in an amending ordinance, the result is as much a 'zoning regulation' as an ordinance adopted without conditions" *(Collard v Incorporated Vil. of Flower Hill,* 52 NY2d 594, 602). Thus, the respondent zoning board could not ignore the conditions imposed by the legislative body. However, in order to comply with the above-

stated condition, Harborside was required to obtain a rear-yard setback variance. Inasmuch as the record shows that due to the unique physical characteristics of the condominium site, Harborside could not comply with the conditions imposed by the legislative body without coming into conflict with the rear-yard setback requirements of the zoning ordinance, Harborside has made a sufficient showing of practical difficulty *(see, Human Dev. Servs. v Zoning Bd. of Appeals, supra; Matter of Fuhst v Foley, supra)*. Thus, the determination by the respondent-respondent board to grant the area variance was not arbitrary, capricious or an abuse of discretion, and the Supreme Court properly sustained the respondent-respondent's determination to grant the variance.

We have considered the petitioners' remaining contention and find it to be without merit. Brown, J. P., Weinstein, Spatt and Balletta, JJ., concur.