■ In the Matter of ROBERT H. MASTEN, Respondent, v DAVID BALDAUF et al., Constituting the Zoning Board of Appeals of the Town of Rhinebeck, Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Rhinebeck, dated September 3, 1986, which denied the petitioner's application for an area variance, the appeal is from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated January 29, 1987, which granted the petition to the extent that the determination was annulled and the matter remitted to the Zoning Board of Appeals "with directions to grant the petitioner the relief requested, subject to such reasonable conditions and safeguards, if any, as the board may deem advisable to impose."

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed and the proceeding is dismissed on the merits.

The petitioner is the owner of a parcel of real property located in the Town of Rhinebeck in Dutchess County. The land is situated in an area of the town designated by the town's zoning ordinance as an R-3-A zone.

Pursuant to the Town of Rhinebeck Zoning Ordinance § 322.01, *inter alia,* one- and two-family dwellings are permitted uses in an R-3-A zone. Town of Rhinebeck Zoning Ordinance § 322.04 (2) requires a minimum lot size of three acres per "establishment" except that, *inter alia,* one-family dwellings are permitted on premises of less than three acres.

The petitioner's parcel is 2.04 acres in size and has been

held in single and separate ownership since prior to the enactment of the town's Zoning Ordinance. In 1985 the petitioner applied for and was granted a building permit to build a single-family dwelling on that lot. He, thereafter, came to the conclusion that a two-family dwelling would be preferable and applied for an area variance. The Zoning Board of Appeals (hereinafter the Board) denied the petitioner's application and he commenced the instant proceeding to annul the Board's determination. The Supreme Court granted the petition to the extent that the Board's determination was annulled and the matter remitted to the Board with directions to grant the petitioner the relief requested subject to such reasonable conditions and safeguards, if any, as it may deem advisable to impose. We reverse for several reasons.

First we note that in annulling the Board's determination, the court apparently misunderstood the lot size requirements for an R-3-A zone. It is true that the Zoning Ordinance requires a minimum lot size of three acres per "establishment." However, the court overlooked the fact that Town of Rhinebeck Zoning Ordinance § 510 defines a "dwelling unit" as "[a]ny dwelling or portion thereof used or intended to be used by one family, and providing complete housekeeping facilities thereof. *For the purposes of this Ordinance, each dwelling unit shall be considered to be an establishment*" (emphasis added). Thus, the minimum lot size required for a two-family dwelling is 6 acres, not 3 acres, as found by the court.

Moreover, the court was incorrect in stating that the Board "made no findings of fact in support of its determination". The Board set forth its findings in its resolution dated September 3, 1986, and they were sufficient to show the actual grounds for its decision and "to permit adequate judicial review" *(see, Matter of Gilbert v Stevens,* 284 App Div 1016; 2 Anderson, New York Zoning Law and Practice §§ 25.31, 25.32 [3d ed]).

Furthermore, the court was also incorrect in finding that the Board's denial of the area variance was arbitrary and an abuse of discretion. In order to justify the grant of an area variance, the applicant bears the burden of establishing that strict compliance with the zoning law would cause "practical difficulties" *(Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, *affd* 67 NY2d 702). Our review of the record, however, reveals that the petitioner in this case did not meet his burden. His proof of significant economic injury was lacking since he did not even know at the Board meeting how much money he would have to put into the dwelling. More-

over, there was no proof of a probable dollars and cents loss of substantial size, and the magnitude of the area variance sought was quite large. In addition, the property can still be utilized for a one-family dwelling as a matter of right and the fact that the property could be utilized more profitably with a two-family dwelling is not sufficient to justify the issuance of the variance *(Human Dev. Servs. v Zoning Bd. of Appeals, supra,* at 140; 2 Anderson, New York Zoning Law and Practice §§ 23.39, 23.42 [3d ed]).

Accordingly, the petitioner was not entitled to an area variance under the circumstances of this case. Mollen, P. J., Mangano, Brown and Sullivan, JJ., concur.