■ In the Matter of LAWRENCE I. WOLFSON, Respondent, v PASQUALE J. CURCIO et al., Constituting the Board of Zoning Appeals of the Town of Babylon, Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Babylon, dated December 4, 1986, denying, after a hearing, the petitioner's application for a variance, the appeal is from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), dated October 16, 1987, which granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, with costs, and the proceeding is dismissed on the merits.

The petitioner is the assignee of a contract to purchase the

subject substandard lot for a total price of $15,000. He admitted having known of the area restriction at the time he invested the money, and further conceded that his purchase was a "gamble". After a hearing, the Board of Zoning Appeals of the Town of Babylon (hereinafter the Board) denied the petitioner's application for an area variance to build a single-family residence on the grounds that the parcel was "grossly undersized" and "not suitable for any residential development" due to its shape, and that the petitioner had bought the parcel with knowledge of the restrictions and had not shown any "demonstrable hardship". Subsequently, the Supreme Court, Suffolk County, granted his petition, holding, *inter alia*, that the petitioner had demonstrated "a practical difficulty".

It is well established that the courts may set aside a zoning board's determination only where the record reveals some illegality, arbitrariness, or abuse of discretion *(see, Matter of Cowan v Kern*, 41 NY2d 591, 598). In order to justify the granting of an area variance, the applicant bears the burden of establishing that strict compliance with the zoning law will cause "practical difficulties" *(see, Matter of Fuhst v Foley*, 45 NY2d 441; *Human Dev. Servs. v Zoning Bd. of Appeals*, 110 AD2d 135, *affd* 67 NY2d 702).

Contrary to the Supreme Court's determination, we conclude that the petitioner failed to sustain his burden. The denial of the variance does not necessarily deprive the petitioner of the ability to use his property *(see, e.g., Matter of Bauer v Zoning Bd. of Appeals*, 121 AD2d 627). It is apparent from the record that the petitioner did not consider other available uses for the property. He made no attempt to sell the property to adjoining property owners, one of whom had been trying to buy the parcel for nearly 10 years, nor did he seek to purchase adjoining property to enhance his investment *(see, Matter of Courtesy Estates v Schermerhorn*, 51 AD2d 966). Moreover, nothing in the record suggests that the prior owner was not adequately compensated when a portion of the parcel was condemned by the County of Suffolk. Consequently, it cannot be said that the petitioner demonstrated practical difficulties *(see, Matter of Zulkofske v Board of Zoning Appeals*, 61 AD2d 824, *lv denied* 44 NY2d 646).

While a self-created difficulty does not in and of itself justify the denial of an area variance, it is a significant factor militating against granting the application *(see, Matter of J.T.T. Contrs. v Ward*, 148 AD2d 537; *Matter of Paniccia v Volker*, 133 AD2d 404). Certainly, "the existence of a self-created hardship does not entitle the landowner to demand a

variance" *(Matter of Cowan v Kern, supra,* at 597). As noted earlier, the petitioner conceded that he purchased the property knowing of the restrictions and took a "gamble". Thus, any economic loss in the instant case was entirely self-created.

Under the circumstances, the Board's determination was neither illegal, arbitrary, nor an abuse of discretion *(see, Matter of Cowan v Kern, supra).* Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.