■ D.C.M. REALTY CORP., Appellant, v TOWN OF ISLIP et al., Respondents.—In an action, inter alia, for a judgment declaring the zoning laws of the Town of Islip void and unconstitutional as applied to the plaintiff's property, the plaintiff appeals from an order and judgment (one paper), of the Supreme Court, Suffolk County (Doyle, J.), dated July 18, 1988, which, after a nonjury trial, declared the Town of Islip zoning ordinance constitutional as applied to the plaintiff's property and dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff is the owner of a 38,450-square-foot lot situated on the south side of Suffolk Avenue and bordering the Long Island Rail Road main line track in the Town of Islip, New York. Pursuant to its current zoning classification as "Residence AA", the property may be improved by a single-family home built on a lot of no less than 20,000 square feet in size.

Sometime after the respondents denied the plaintiff's application for a "change of zone" to a business classification, the plaintiff commenced the instant declaratory judgment action. After a trial, the Supreme Court, Suffolk County, declared the zoning ordinance constitutional finding that the plaintiff failed to prove that the zoning ordinance, as applied to its property, deprived it of the ability to realize a reasonable return or deprived it of all reasonable use for which the property was adapted.

It is well established that in order to prove that an unconstitutional taking has occurred, a landowner must prove that the land cannot yield an economically reasonable return as zoned (de St. Aubin v Flacke, 68 NY2d 66, 76-77; Tilles Inv. Co. v Town of Huntington, 137 AD2d 118, 122, affd 74 NY2d 885). In this case, the plaintiff failed to submit dollars and cents proof to establish beyond a reasonable doubt that the property, as presently zoned, would not yield a reasonable return.

Although the plaintiff's expert testified that the parcel

would have a market value of about $100,000 if zoned for business use, it is not enough to merely prove that the land would be more valuable under a less restrictive classification (see, McGowan v Cohalan, 41 NY2d 434, 436; Tilles Inv. Co. v Town of Huntington, supra). The plaintiff's expert also testified that the parcel was worth about $20,000 as undeveloped residential property and was closely situated to other residential AA plots developed with single-family homes having estimated values of between $150,000 and $170,000. Moreover, we note that although the plaintiff acquired the property for about $33,000 in 1971, there is no evidence that the purchase price was an accurate reflection of the fair market value of the property at that time. Kunzeman, J. P., Harwood, Balletta and O'Brien, JJ., concur.