■ FRANK R. SHIELDS, as Administrator of the Estate of EDYTHE SHIELDS, Deceased, Respondent, v ZONING BOARD OF APPEALS OF THE TOWN OF PHILIPSTOWN et al., Appellants, and LAWRENCE MERSON et al., Intervenors-Appellants.—In a pro-

ceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Zoning Board of Appeals of the Town of Philipstown dated May 28, 1988, which denied the petitioner's application for an area variance, the appeals are from so much of an order of the Supreme Court, Putnam County (Dickinson, J.), dated January 25, 1989, as, upon reargument, adhered to its original determination in a judgment of the same court, dated October 27, 1988, which granted the petition, and annulled the determination.

Ordered that the order is reversed insofar as appealed from, on the law, the judgment granting the petition is vacated, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded the respondents-appellants and the intervenors-appellants, appearing separately and filing separate briefs.

"In order to justify the granting of an area variance, the applicant bears the burden of establishing that strict compliance with the zoning law will cause 'practical difficulties' *(see, Matter of Fuhst v Foley,* 45 NY2d 441; *Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, *affd* 67 NY2d 702)" *(Matter of Wolfson v Curcio,* 150 AD2d 586, 587). The justification offered by the original petitioner Edythe Shields, now deceased, in support of the application for an area variance, i.e., that subdivision of the property was necessary so that a separate residence could be built to house a relative who could care for Edythe Shields and her husband, was insufficient to establish "that as a practical matter [the petitioner could not] utilize [the] property or a structure located thereon 'without coming into conflict with certain of the restrictions of the [zoning] ordinance'. (3 Rathkopf, Law of Zoning and Planning [4th ed], ch 45, § 1.)" *(Matter of Fuhst v Foley,* 45 NY2d 441, 445, *supra.)* Since the petitioner failed to establish the existence of practical difficulties, the denial of the application for an area variance cannot be deemed irrational.

The challenge to the Town Board's 1984 resolution, conditioning acceptance of a deed to the streets and roads encompassing the development in which the petitioner's property is located, *inter alia,* upon the erection of a barricade at the end of an abutting public road, is time barred *(see,* CPLR 217). Thompson, J. P., Brown, Kunzeman and Harwood, JJ., concur.