■ In the Matter of JOHN DURLER, Appellant, v RAMON F. ACCETTELLA, as Chairman of the Zoning Board of Appeals of the Village of Babylon, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Babylon, dated April 5, 1988, which, after a hearing, denied an application for an area variance, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Mullen, J.), dated September 7, 1988, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner John Durler is the owner of a vacant 40 by 80 foot parcel of land located in the Village of Babylon. Although the petitioner initially acquired title to the subject parcel in January 1985, Suffolk County took title to the property for nonpayment of taxes two months later. The petitioner redeemed the property from the County in 1986,

and thereafter entered into a contract to sell the property for $58,500. The contract of sale was conditioned, however, upon the buyer's ability to obtain an area variance permitting construction of a single-family home on the site. The village requires a minimum parcel of 40 feet by 100 feet on which to build, as well as a rear yard setback of at least 25 feet.

The buyer, as agent for the petitioner, subsequently submitted a variance application requesting a reduction of the area requirement by 800 square feet, and a reduction of the rear yard requirement from 25 feet to 15 feet. Following a hearing, the Zoning Board of Appeals of the Village of Babylon denied the buyer's variance application, finding, *inter alia,* that "no hardship condition seems apparent to this Board".

Contrary to the petitioner's contention, the record fails to establish that the Board's denial of the variance will result in economic hardship to him *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 444). The petitioner's only proof on the issue of financial hardship was that, if the variance was to be granted, the property would be worth $58,500 for building purposes. However, in the absence of any evidence of the price which the petitioner paid for the parcel when he initially purchased it in 1985, or of its value without the requested variance, no factual predicate exists which would support a finding that denial of the variance would cause him significant economic injury *(see, Matter of Cowan v Kern,* 41 NY2d 591, 596-597; *Matter of Koster Keunen, Inc. v Scheyer,* 156 AD2d 563; *Matter of Braslow v Curcio,* 152 AD2d 734).

Moreover, the manner in which the property was acquired indicates that any hardship was willingly assumed. As the prior owner of the same parcel, the petitioner is chargeable with knowledge of the provisions of the zoning ordinance which limited development *(see, Matter of Cowan v Kern, supra; see also, Matter of Wolfson v Curcio,* 150 AD2d 586).

Finally, the record does not suggest that the petitioner sought to alleviate his alleged hardship by means other than a variance. In this regard, we note that he made no attempt to sell the parcel to adjoining property owners, nor did he seek to purchase adjoining property to bring his parcel into compliance with the minimum area and rear yard setback requirements *(see, Matter of Wolfson v Curcio, supra; Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 142, *affd* 67 NY2d 702). Kunzeman, J. P., Eiber, Sullivan and Rosenblatt, JJ., concur.