■ In the Matter of ROBERT UHRLASS, Respondent, v IRWIN S. DAVISON, as Chairman of the Zoning Board of Appeals of

the City of Mount Vernon, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the City of Mount Vernon, dated June 13, 1988, which, after a hearing, denied the petitioner's application for area and width variances, the appeal is from a judgment of the Supreme Court, Westchester County (Lange, J.), entered June 23, 1989, which granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed and the proceeding is dismissed.

The petitioner is the owner of a parcel of real property located in Mount Vernon. The land is located in a two-family zoning district.

Pursuant to the City of Mount Vernon Zoning Ordinance § 267-24, in order to erect a two-family dwelling there must be a minimum lot area of 4,500 square feet, minimum lot width of 50 feet, and minimum lot area per family of 2,250 square feet. Pursuant to the City of Mount Vernon Zoning Ordinance § 267-47 (B), if a parcel does not meet the width or depth specifications, a one-family house can be erected on the premises.

The petitioner's parcel has a lot area of 4,400 square feet, a minimum lot width of 40 feet, and a lot area per family of 2,200 square feet. In 1988 the petitioner applied for area and width variances. The Zoning Board of Appeals of the City of Mount Vernon (hereinafter the Board) denied the petitioner's application and he commenced the instant proceeding to annul the Board's determination. The Supreme Court granted the petition and annulled the Board's determination. We reverse.

The Board's determination that the petitioner was not entitled to variances of the requirements of the zoning ordinance is supported by substantial evidence and is not illegal, arbitrary, or an abuse of discretion (see, Matter of Fuhst v Foley, 45 NY2d 441). The petitioner failed to carry his burden of establishing that strict compliance with the zoning ordinance would cause "practical difficulties" (Matter of Fuhst v Foley, supra, at 445). Denial of the variances does not deprive the petitioner of the ability to utilize the property without coming into conflict with the zoning ordinance (see, Matter of Paniccia v Volker, 133 AD2d 404, 406). The petitioner can still, as a matter of right, erect a one-family dwelling on the property. Nor is the fact that the property could be utilized

more profitably with a two-family dwelling sufficient to justify the issuance of a variance *(see, Matter of Masten v Baldauf,* 147 AD2d 566, 568; *Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 140, *affd* 67 NY2d 702).

There was no evidence before the Board establishing that a one-family dwelling would not yield a reasonable return. Thus, it is impossible to gauge the economic injury which would result from the refusal to grant a variance *(see, Matter of Iannucci v Casey,* 140 AD2d 343, 344).

The petitioner, an experienced developer, is presumed to have entered into the contract of sale for the property in question with knowledge of the attendant zoning restrictions. Thus, any difficulty the petitioner may experience in complying with the zoning ordinance is self-created *(see, Matter of Iannucci v Casey, supra).*

Accordingly, the Board's denial of the petitioner's application has a rational basis and will not be disturbed *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 444, *supra).* Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.