■ In the Matter of CORNELIA KRANSTEUBER, Respondent, v RICHARD I. SCHEYER, as Chairman of the Zoning Board of Appeals of the Town of Islip, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Islip dated February 7, 1989, denying the petitioner's application for area variances, the Zoning Board of Appeals of the Town of Islip appeals from a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered October 17, 1989, which granted the petition, annulled the determination, and directed it to grant the requested variances.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the determination is confirmed, and the proceeding is dismissed on the merits.

In 1934, the petitioner's husband purchased the subject parcel, which is located on Roxbury Avenue in the Town of Islip, and built a house on the property. Approximately eight years later in 1942, he conveyed the premises to the petitioner. In 1950, the house on the property was apparently demolished due to termite infestation, and never rebuilt. There is no dispute that the purchase of the lot in 1934 occurred prior to the enactment of the Town of Islip's zoning ordinance in 1937. The record reveals that the petitioner's

parcel is located in an "AA" residential zoning district, which requires, *inter alia,* a minimum plot area of 20,000 square feet, a lot width of 100 feet, side yards on each side of 18 feet, and total side yards of 36 feet. The petitioner's lot is 100 feet by 50 feet and contains a total area of only 5,000 square feet.

In 1987, the petitioner sought permission to construct a two-story dwelling on the premises, providing for side yards of 12 feet instead of the required 18, resulting in total side yards of 24 feet. In order to construct the dwelling, the petitioner required four separate variances with respect to (1) side yards, (2) total side yards, (3) lot width, and (4) plot area. The latter variances relating to plot width and plot area necessitated reductions of 50% and 75%, respectively, from the zoning code's requirements. After a hearing, the Zoning Board of Appeals of the Town of Islip denied petitioner's request for the variances, noting, *inter alia,* that the variances were of substantial magnitude, that the parcel was not in keeping with the character of the area, and that if permission to build the dwelling were granted, it would result in a negative impact upon the values of the surrounding properties.

Thereafter, the petitioner commenced the instant proceeding pursuant to CPLR article 78 challenging the determination of the Zoning Board of Appeals. The Supreme Court granted the petition, concluding, *inter alia,* that a strict application of the zoning ordinance under the circumstances presented unconstitutionally deprived the petitioner of the use of her property. We find otherwise and reverse.

We are in accord with so much of the Supreme Court's holding as determined that the petitioner was not entitled to the variances requested as a matter of right pursuant to the "single and separate" ownership exception contained in the Town of Islip Code. As we have previously held, the relevant provisions of the code mandate "compliance with all zoning requirements other than the one for which the single and separate dispensation is conferred" *(Matter of Dittmer v Scheyer,* 74 AD2d 828; *see also, Matter of Lakeland Park Estates v Scheyer,* 142 AD2d 582; *Matter of Pellati v Scheyer,* 115 AD2d 606). Since the petitioner's application would require the granting of multiple variances, she has failed to establish her entitlement to the relief requested upon the theory of "single and separate" ownership. Similarly, the petitioner failed to establish that the determination of the Zoning Board of Appeals was arbitrary and capricious under the circumstances presented. It is well settled that in order to obtain an area variance as a matter of discretion, an applicant

is required to establish, at a minimum, "practical difficulties" *(see, Matter of Fuhst v Foley,* 45 NY2d 441; *Matter of Cowan v Kern,* 41 NY2d 591; *Matter of Feit v Bennett,* 168 AD2d 495; *Matter of Uhrlass v Davison,* 167 AD2d 407; *Shields v Zoning Bd. of Appeals,* 164 AD2d 909; *Matter of Hansen v Zoning Bd. of Appeals,* 158 AD2d 689). Although the petitioner's inability to develop the premises without the requested variances constitutes a "practical difficulty" *(Matter of Lakeland Park Estates v Scheyer, supra,* at 583), we are in agreement with the Supreme Court's conclusion that the Zoning Board of Appeals demonstrated that "the public health, safety and welfare will be served by application of the zoning restriction" *(Matter of Fulling v Palumbo,* 21 NY2d 30, 34). In reaching its determination, the Zoning Board of Appeals properly concluded on the record before it, that the substantial deviation from the otherwise applicable code requirements would detrimentally impact upon the adjoining properties and adversely affect the light, air and ventilation of the surrounding properties. Under these circumstances, the denial of the discretionary variances was neither arbitrary nor capricious *(see, Matter of National Merritt v Weist,* 41 NY2d 438, 442; *Matter of Cowan v Kern, supra; Matter of Koster Keunen v Scheyer,* 156 AD2d 563, 564; *Matter of 113 Hillside Ave. Corp. v Zaino,* 27 NY2d 258; *Matter of Lakeland Park Estates v Scheyer, supra).*

Although the Supreme Court concluded that the petitioner had failed to establish her entitlement to the variances under the theories of "single and separate" ownership and "practical difficulties", the court nevertheless concluded that a strict application of the zoning code would result in a taking of the petitioner's property in violation of the Just Compensation clause of the Fifth Amendment of the United States Constitution. We disagree. It is well settled that in order to establish that an unconstitutional taking has occurred, a landowner must prove that the subject property cannot yield an economically reasonable return as zoned *(see, Matter of Loujean Props. v Town Bd.,* 160 AD2d 797; *see also, de St Aubin v Flacke,* 68 NY2d 66, 76-77; *D.C.M. Realty Corp. v Town of Islip,* 162 AD2d 495; *Spears v Berle,* 48 NY2d 254; *Tilles Inv. Co. v Town of Huntington,* 137 AD2d 118, *affd* 74 NY2d 885). Moreover, "[c]onclusory testimony to the effect that the land cannot yield an economically reasonable return as zoned is insufficient" *(Matter of Loujean Props. v Town Bd., supra,* at 797; *Matter of Village Bd. v Jarrold,* 53 NY2d 254; *D.C.M Realty Corp. v Town of Islip, supra).* Rather, "a landowner must offer proof of the market value of the property at the time of acquisition,

and must also prove the current market value of the property as presently zoned" *(Matter of Loujean Props. v Town Bd., supra,* at 797; *D.C.M. Realty Corp. v Town of Islip, supra).* Significantly, the burden rests with the petitioner to establish beyond a reasonable doubt that she has been deprived of any use of the property to which it is reasonably adapted *(see, de St Aubin v Flacke, supra,* at 76-77; *D.C.M. Realty Corp. v Town of Islip, supra).* The petitioner has failed to discharge this burden.

A review of the record establishes that the proof adduced before the Zoning Board of Appeals was insufficient to support a finding that the ordinance, as applied to the petitioner, amounts to an unconstitutional taking of her property *(see, Matter of National Merritt v Weist, supra,* at 442; *Matter of Fulling v Palumbo, supra; Matter of Village Bd. v Jarrold, supra).* Most significantly, the petitioner did not reveal the price she paid for, or the market value of, the parcel in question at the time it was acquired. In light of the foregoing, there exists no factual predicate which would support a finding that denial of the variances will result in economic injury *(see, Matter of Durler v Accettella,* 165 AD2d 872; *cf., Matter of Uhrlass v Davison, supra; Matter of Iannucci v Casey,* 140 AD2d 343). Moreover, the evidence taken at the hearing establishes that the property was not without value absent the requested variances. The petitioner's own expert testified that even without the variances, the property was worth approximately $5,000. We note in this respect that an adjoining landowner testified before the Zoning Board of Appeals that: (1) he had made "several offers" to purchase the premises, the latest of which was apparently for $8,100, and (2) he was still interested in purchasing the premises for that sum. Accordingly, it is entirely possible that the petitioner may derive an equal return, if not a profit, from the sale of the premises to the adjoining landowner *(see, Matter of Wolfson v Curcio,* 150 AD2d 586, 587; *Matter of Courtesy Estates v Schermerhorn,* 51 AD2d 966; *cf., Matter of Hansen v Zoning Bd. of Appeals, supra; Matter of Dittmer v Scheyer,* 74 AD2d 828, 829-830 [Lazer, J., concurring], *supra; Matter of Zulkofske v Board of Zoning Appeals,* 61 AD2d 824; *Durler v Accettella, supra).* Under the circumstances, the petitioner has failed to establish that the denial of the requested variances resulted in a taking of her property without just compensation.

To the extent that *Matter of Siciliano v Scheyer* (150 AD2d 460) is inconsistent with our present holding concerning the constitutionality of the determination of the Zoning Board of

Appeals, we overrule it. Mangano, P. J., Bracken, Kunzeman and Kooper, JJ., concur.