■ In the Matter of SAKREL, LTD., Appellant, v DAVID I. ROTH et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Babylon dated March 24, 1989, which denied the petitioner's application for area variances, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Vaughn, J.), entered September 27, 1989, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner Sakrel, Ltd., is the owner of an undeveloped parcel of real property situated in a B Residence District in the Town of Babylon. Pursuant to Town of Babylon Code § 213-79 (A), a parcel of real property situated in a B Residence District must be at least 10,000 square feet in lot area, and must have a width of at least 80 feet at the front building line to be buildable as of right. The petitioner's parcel has an area of approximately 4,000 square feet and a frontage width of 40 feet.

In April 1988 while still a contract vendee, the petitioner submitted an application for a building permit for the construction of a one-family house on the subject parcel. Contemporaneous therewith, the petitioner submitted an application to the respondent Zoning Board of Appeals of the Town of Babylon (hereinafter the Board) for necessary variances.

Among the variances which the Board determined would be required to permit the petitioner's proposed construction were variances to diminish lot area from 10,000 square feet to 3,948 square feet, to diminish the frontage width requirement from 80 feet to 40 feet, to diminish the south side yard setback requirement from 18 feet to 5.43 feet, to diminish rear yard requirement from 40 feet to 22 feet, and to exceed the building floor area ratio by 4.5%.

In December 1988 a hearing was held on the petitioner's application, where it was asserted that the subject property had been held in single and separate ownership from a time predating the enactment of the zoning ordinance. Based upon this fact, the petitioner claimed entitlement to the variances as of right. Additionally, the petitioner claimed that denial of its application would cause it to suffer practical difficulties because it would be unable to develop its property, which it had since purchased for an undisclosed price.

The Board was not persuaded. Citing the fact that the petitioner's property had been held in common ownership with a contiguous parcel for a period of 60 years, the Board found that the petitioner had not established that it was entitled to single and separate dispensations. Furthermore, the Board found that even if the petitioner's property was singly and separately owned from a time predating the effective date of the zoning ordinance, it was still undevelopable, as Town of Babylon Code § 213-79 (A) permitted the development of such undersized plots, but only if they are at least 6,000 square feet in area and with a minimum frontage width of 60 feet. Additionally, without expressly finding that the petitioner had established the existence of practical difficulties, the Board denied the application, finding that substantial variances were necessary which, if granted to permit the development of undersized plots, would impact upon the surrounding area, *inter alia,* by increasing density and by taxing municipal services. The petitioner challenged that determination in the instant proceeding, and the Supreme Court upheld the Board's determination. This appeal ensued.

At the outset we agree with the Board's determination that the petitioner has failed to establish its single and separate ownership of the subject premises. The title searches contained in the record indicate that the subject parcel (designated as Block 3, Lot 6), had been held in common ownership with a contiguous parcel to the rear (designated as Block 3, Lot 11). While it has been recognized that such "back to back" split parcels may be deemed not to have merged where the

applicant has established that during the period of common ownership the parcels were never used in conjunction with one another and neither parcel materially enhanced the value or utility of the other *(see, Matter of Barretto v Zoning Bd. of Appeals,* 123 AD2d 692), the record is devoid of any such evidence in this case. Indeed, there is no indication whatsoever as to the uses of the two parcels during the years they were commonly owned. Thus, petitioner has failed to meet its burden to establish that the two parcels did not merge and that the subject parcel thus retained its single and separate status *(see, Matter of Lakeland Park Estates v Scheyer,* 142 AD2d 582).

Furthermore, even assuming that the petitioner had established that the subject parcel had retained its single and separate status, under the applicable provisions of the Code of the Town of Babylon, the property would still be too small for development. As acknowledged by the petitioner's president, Sanford Kressler, the subject property measures less than 4,000 square feet due to the angles of the property lines. Town of Babylon Code § 213-79 (A) provides that an undersized property held in single and separate ownership prior to the enactment of the zoning ordinance is buildable, but only if it has a minimum frontage width of 60 feet and an area of 6,000 square feet. Moreover, even if the property was not deficient in frontage width and area, other variances would still be needed. The Town of Babylon Code does not provide blanket single and separate dispensations excusing all area deficiencies *(see, Matter of Koster Keunen v Scheyer,* 156 AD2d 563; *Matter of Lakeland Park Estates v Scheyer, supra; Matter of Kast v Casey,* 129 AD2d 641). Accordingly, to the extent that the petitioner has failed to establish its entitlement to the requested variances under a theory of single and separate ownership, its application was properly denied *(cf., Matter of Bauer v Zoning Bd. of Appeals,* 121 AD2d 627).

Turning to the merits of the petitioner's variance application, we find that practical difficulties were established. The petitioner has demonstrated that the only permitted use of its property is for a single family residence but that it cannot erect a single family residence without coming into conflict with the zoning ordinance. This clearly constitutes practical difficulties *(see, Matter of Fuhst v Foley,* 45 NY2d 441; *Cange v Scheyer,* 146 AD2d 594; *Matter of Bueno v Board of Appeals on Zoning,* 139 AD2d 644; *Matter of Lanzilotta & Teramo Dev. Corp. v Lazarus,* 127 AD2d 767; *Matter of Lund v Edwards,* 118 AD2d 574; *Matter of Feldman v Nassau Shores Estates,* 12

Misc 2d 607, *affd* 7 AD2d 757; 2 Anderson, New York Zoning Law and Practice § 23.40 [3d ed 1989]).

Since the petitioner adduced sufficient evidence of practical difficulties, it was incumbent upon the Board to establish that strict application of the zoning ordinance was necessary to promote and protect the public health, safety and welfare *(see, Matter of National Merritt v Weist,* 41 NY2d 438), and that the need to promote the public good outweighs the injury to the petitioner *(see, Matter of Niceforo v Zoning Bd. of Appeals,* 147 AD2d 483). In reaching this determination, a board must consider: (1) how substantial the variance is in relation to the requirements of the zoning ordinance, (2) whether the granting of the variance will result in a substantial change in the character of the neighborhood, (3) whether the difficulty of development within the parameters of the zoning ordinance can be obviated by some feasible method other than a variance, and (4) whether in view of the manner in which the difficulty arose, the interest of justice will be furthered by allowing the variance *(Matter of Niceforo v Zoning Bd. of Appeals, supra,* at 485; *Matter of Townwide Props. v Zoning Bd. of Appeals,* 143 AD2d 757; *Matter of Friendly Ice Cream Corp. v Barrett,* 106 AD2d 748). Application of the foregoing standards leads us to conclude that the Board's denial of the petitioner's variance applications herein was not arbitrary, illegal, or an abuse of discretion *(see, e.g., Matter of Bauer v Zoning Bd. of Appeals, supra).*

In reaching its determination, the Board considered the fact that the petitioner's numerous variance requests sought substantial relief from strict compliance with the ordinance. Rather than the 10,000 square feet required, the petitioner was seeking to build on a lot of less than 4,000 square feet, a lot reduction of over 60%. A 50% reduction was sought in frontage width requirements. The petitioner also sought variances to reduce the necessary side yard setback of more than 67%, and it sought a decrease of nearly 50% in its rear yard setback. Thus, the conclusion is inescapable that the variances sought by the petitioner would mark a substantial deviation from the otherwise applicable requirements *(see, Matter of Four M Constr. Corp. v Fritts,* 151 AD2d 938, 940; *Carbone v Town of Bedford,* 144 AD2d 420, 422).

The Board further correctly determined that the granting of the petitioner's application would result in a substantial change in the character of the neighborhood. While it is arguable that the petitioner's proposed construction of one single family residence in a residential neighborhood presents

no significant departure from the surrounding properties, the Board has a legitimate interest in maintaining an appropriate population density in the area, consistent with the character of the neighborhood. Moreover, the record supports the Board's conclusion that the development of substandard lots will contribute to the burdens placed on municipal services *(see, Barrett v Rose,* 152 AD2d 525). In an area already burdened with traffic and parking problems, it clearly rests within the discretion of the Board to refuse to grant variances for the development of undersized parcels, which development will only exacerbate existing problems *(cf., Bongiorno v Planning Bd.,* 143 AD2d 967). In this regard it is important to note that a zoning board is free to reassess its priorities, so that even had there been evidence that numerous similar applications had been granted in the past, this fact would still not be determinative. Simply stated, the Board does not act arbitrarily if, in light of apparent over development, it puts a stop to all but those construction projects which are in conformity with the requirements of the zoning ordinance *(see, Matter of Cowan v Kern,* 41 NY2d 591, 595; *Matter of Solla v Simonds,* 86 AD2d 612).

The third consideration in determining whether the need to strictly enforce the zoning ordinance outweighs the difficulty to the landowner is to ascertain whether the hardship encountered can be alleviated by means other than granting a variance. In this case the short answer to this question is no. No amount of redesign or down-sizing of the proposed structure will cure the two most significant shortfalls in total area and frontage. Nor does there appear to be any contiguous land available for sale which could be added to the petitioner's undersized plot to increase its size to conforming proportions. Thus, there appears to be no means of circumventing the petitioner's practical difficulties short of granting the requested variances.

Nevertheless, the final consideration to be weighed is to ascertain, in view of the manner in which the difficulty arose, that the interest of justice would be served by granting the variance application. This factor weighs heavily against the petitioner because the hardship herein was self-inflicted. Indeed, the petitioner is a professional developer which owns numerous properties in the area, and which has constructed homes on other, larger parcels nearby. The petitioner was clearly aware that the subject parcel was undersized, as its variance application was filed before it consummated the purchase of this property. It is of course true that a variance

application may not be denied solely on the ground that the hardship was self-inflicted *(see, Goshen Shopping Assocs. v Zoning Bd. of Appeals,* 112 AD2d 140) and a variance may be properly granted notwithstanding this fact *(see, Matter of De Sena v Board of Zoning Appeals,* 45 NY2d 105; *Matter of Perger v Zoning Bd. of Appeals,* 146 AD2d 698; *Matter of Taback v Town of Woodstock Zoning Bd. of Appeals,* 134 AD2d 783). However, the self-inflicted nature of the hardship is an important factor *(see, Chera v Bennett,* 166 AD2d 630), especially in a case such as this, where the petitioner, in a business gamble, knowingly purchased a substandard plot for a price it has adamantly refused to disclose which we may thus assume to have been comparatively inexpensive *(see, Matter of Cowan v Kern, supra,* at 597), hoping to turn a substantial profit. The granting of the necessary variances under such circumstances would confer upon the petitioner an unjustified windfall *(see, Matter of Barby Land Corp. v Zeigner,* 49 NY2d 729; *Matter of Lakeland Park Estates v Scheyer, supra).* Accordingly, on balance we find that the Board correctly denied the petitioner's variance application.

Finally, turning to the claim that the denial of the petitioner's variance application constitutes a confiscatory taking of its property, the failure of the petitioner to divulge its purchase price is fatal *(see, Matter of Kransteuber v Scheyer,* 176 AD2d 724 [decided herewith]). Although it cannot erect a house on its land, the petitioner's adamant and persisting refusal to divulge the amount of its original investment precludes us from determining whether or not all but a bare residue of the economic value of the land has been destroyed *(see, de St. Aubin v Flacke,* 68 NY2d 66, 77). Indeed, a party challenging a zoning ordinance as confiscatory must adduce "dollars and cents" proof to establish, beyond a reasonable doubt, that the property as presently zoned is incapable of yielding a reasonable return *(see, Matter of .Kransteuber v Scheyer, supra; Northern Westchester-Professional Park Assocs. v Town of Bedford,* 92 AD2d 267, *affd* 60 NY2d 492; *Curtiss-Wright Corp. v Town of E. Hampton,* 82 AD2d 551; *cf., Matter of Morrone v Bennett,* 164 AD2d 887). Absent such proof a landowner may not overcome the presumption of constitutionality *(see, Lighthouse Shores v Town of Islip,* 41 NY2d 7), especially when seeking relief from a self-inflicted hardship. Accordingly, in view of all of the foregoing, we find that the petitioner has not established, beyond a reasonable doubt, that the zoning ordinance as applied to its property constitutes a confiscatory taking. Sullivan, J. P., Harwood, Miller and O'Brien, JJ., concur.