OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
This case involves petitioner-appellant’s application for area variances to allow construction of a single-family dwelling on a 5,000 square foot lot (50 by 100 feet) located in Oakdale, Town of Islip. Her husband purchased the property in 1934 and built a single-family dwelling on it. In 1942, petitioner acquired the property from her husband. The dwelling was destroyed eight years later due to termite damage, and the land remains vacant.
In 1937, the Town of Islip enacted its first comprehensive zoning ordinance, pursuant to which petitioner’s property was classified as Residence AA — a classification primarily structured for single-family residential development. That zoning district requires a minimum 20,000-square-foot building lot area for a single-family dwelling, 100-foot lot width, 18-foot side yards totaling at least 36 feet, and a 40-foot front yard.
In 1987, petitioner contracted to sell her property to a builder, expressly contingent on petitioner garnering a variance to build a single-family dwelling on the property. Petitioner consequently applied to respondent Zoning Board of Appeals of the Town of Islip (Board) for the appropriate variances. Due to the size of the proposed dwelling, variances from the lot area, lot width, side yard and total side yard requirements were necessary. The Board denied the application after a public hearing, and petitioner brought this CPLR article 78 proceeding to challenge the denial.
*786 Petitioner asserted that she was entitled to the variances as a matter of right due to the single and separate ownership status of the property; that she had proven practical difficulties and the Board determination was therefore arbitrary and capricious; and that strict application of the zoning ordinance constituted an unconstitutional taking of her property without compensation. Supreme Court, Suffolk County, held that petitioner was entitled to the variances only under her unconstitutional-taking theory. The Appellate Division disagreed, confirmed the Board’s determination and dismissed the proceeding (176 AD2d 724).
We agree with the Appellate Division for the reasons expressed in that court’s memorandum decision (176 AD2d 724, 725-726, supra) that petitioner failed to prove her entitlement to the variances under the ordinance’s single and separate ownership exception, and failed to establish that the Board’s determination was arbitrary and capricious. We also agree with the Appellate Division’s conclusion that petitioner’s unconstitutional-taking argument fails for lack of proof.
Zoning ordinances are "invested with an exceedingly strong presumption of constitutionality” (Town of Huntington v Park Shore Country Day Camp, 47 NY2d 61, 65 [citation omitted]; see also, McGowan v Cohalan, 41 NY2d 434, 436). A landowner who challenges the constitutionality of a zoning ordinance as applied to a particular parcel of property bears a heavy burden of demonstrating beyond a reasonable doubt, with "dollars and cents” proof, that "under no use permitted by the [ordinance] * * * would the property] be capable of producing a reasonable return” (de St. Aubin v Flacke, 68 NY2d 66, 77 [emphasis added]; see also, Spears v Berle, 48 NY2d 254, 263; Matter of National Merritt v Weist, 41 NY2d 438, 445). On the present record, petitioner has not satisfied this heavy burden.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.