■ EDWARD RASKIN et al., Appellants, v TOWN OF ISLIP, Respondent.—In an action for a judgment declaring the zoning laws of the Town of Islip void and unconstitutional as applied to the plaintiffs' property, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Copertino, J.), dated June 18, 1990, which denied their motion for summary judgment, and, upon searching the record, granted summary judgment to the defendant.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for entry of a judgment declaring the zoning laws of the Town of Islip constitutional as applied to the plaintiffs' property.

In 1987, Edward Raskin, a former Islip Assistant Town Attorney, and Dennis Morena, purchased the subject vacant parcel, which is located in the Town of Islip. The parcel in question is situated in an "AA" residential zoning district, which requires, *inter alia*, a minimum lot area of 20,000 square feet, a lot width of 100 feet and total side yards of 36 feet for the construction of a single-family residence. The plaintiffs' lot contains 15,000 square feet and is 50 feet wide. The plaintiffs' predecessor in title had previously been denied certain variances to permit the construction of a one-family residence on the parcel.

The instant action for a declaratory judgment seeks a

declaration that the Islip Town Zoning Code, as applied to the plaintiffs, unconstitutionally deprived them of all reasonable use of the property without just compensation. The plaintiffs moved for summary judgment and the Town of Islip cross-moved to dismiss the complaint. The court, upon searching the record, granted summary judgment to the Town. We affirm.

It is well settled that "[z]oning ordinances are 'invested with an exceedingly strong presumption of constitutionality' " *(Matter of Kransteuber v Scheyer,* 80 NY2d 783, 786, quoting from *Town of Huntington v Park Shore Country Day Camp,* 47 NY2d 61, 65; *McGowan v Cohalan,* 41 NY2d 434). Although the purchase of property with knowledge of applicable zoning restrictions will not automatically foreclose a constitutional challenge *(see, Vernon Park Realty v City of Mount Vernon,* 307 NY 493, 500; *Matter of Sakrel, Ltd. v Roth,* 176 AD2d 732, 737), "[a] landowner who challenges the constitutionality of a zoning ordinance as applied to a particular parcel of property bears a heavy burden of demonstrating beyond a reasonable doubt, with 'dollars and cents' proof that 'under no use permitted by the [ordinance] would the propert[y] be capable of producing a return' " *(Matter of Kransteuber v Scheyer, supra,* quoting from *de St. Aubin v Flacke,* 68 NY2d 66, 77; *Matter of Sakrel, Ltd. v Roth, supra,* at 737). The plaintiffs have failed to carry this heavy burden.

In support of their motion for summary judgment, the plaintiffs submitted, *inter alia,* the affidavit of a real estate broker who concluded that in December 1989, two years after the plaintiffs purchased the property, the parcel was worth approximately $2,000 as presently zoned. The plaintiffs did not, however, expressly reveal the price they paid for the parcel nor its market value at the time they acquired it in 1987. Indeed, in opposing the defendant's cross motion, the plaintiffs asserted that the purchase price was of "no legal significance" within the context of their constitutional challenge. Moreover, while the deed by which the plaintiffs acquired title recites a consideration of $1,750, the plaintiffs have taken the position on appeal that the record provides no support for the assertion that such a price was paid for the property. Nor have the plaintiffs supplied any additional proof establishing what price they paid for the property. Absent such proof a landowner may not overcome the exceedingly strong presumption of constitutionality which attaches to a zoning ordinance, especially when seeking relief from self-created hardship *(Matter of Sakrel, Ltd. v Roth, supra,* at 737; *Matter of Kransteuber v Scheyer, supra).* Accordingly, the

plaintiffs have not shown with "dollars and cents" proof that a strict application of the zoning laws would be violative of the Just Compensation Clause of the United States Constitution *(see, Matter of Kransteuber v Scheyer, supra; de St. Aubin v Flacke, supra; Matter of Sakrel, Ltd. v Roth, supra; Matter of Durler v Accettella,* 165 AD2d 872). Thompson, J. P., Sullivan, O'Brien and Santucci, JJ., concur.