■ In the Matter of MARVIN KING, Appellant, v MARVIN RONIK et al., Respondents. [655 NYS2d 74] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Zoning Board of Appeals of the Incorporated Village of Valley Stream dated February 21, 1995, which, after a hearing, denied the petitioner use and area variances, the petitioner appeals from a judgment of the Supreme Court, Nassau County

(Molloy, J.), entered November 8, 1995, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner is the owner of a house in which he also maintains his dental office. Pursuant to the Valley Stream Zoning Code, a professional office is a permitted accessory use in the zoning district in question provided the owner-professional resides in the same premises. After many years of working and residing at the same premises, the petitioner applied for a use variance to permit him to lease the residential portion of the premises while still maintaining his office in the other portion of the house. The petitioner also applied for an area variance permitting less than the required number of off-street parking spaces for a professional office. Following a public hearing, the Zoning Board of Appeals denied the petitioner's application.

Village Law § 7-712-b (2) (b) provides that a use variance shall not be granted unless the applicant demonstrates "(1) [he or she] cannot realize a reasonable return, provided that the lack of return is substantial as demonstrated by competent financial evidence; (2) that the alleged hardship relating to the property in question is unique, and does not apply to a substantial portion of the district or neighborhood; (3) that the requested use variance, if granted, will not alter the essential character of the neighborhood; and (4) that the alleged hardship has not been self-created".

Here, the petitioner failed to submit proof "in dollars and cents form" of his inability to realize a reasonable return under the existing permissible uses (*Matter of Village Bd. v Jarrold,* 53 NY2d 254, 257; *Matter of D'Alessandro v Board of Zoning & Appeals,* 177 AD2d 694). Moreover, if any hardship exists it is self-created because the petitioner purchased the premises while aware of the restriction in the zoning ordinance (*see, Matter of Solla v Simonds,* 86 AD2d 612). The petitioner's application for an area variance became academic when the use variance was denied.

The petitioner's remaining contention is unpreserved for appellate review (*see, Matter of Arbor Oaks Civic Assn. v Zoning Bd. of Appeals,* 112 AD2d 988). Ritter, J. P., Pizzuto, Altman and Krausman, JJ., concur.