■ MARIO J. SASSONE, Appellant-Respondent, v TOWN OF QUEENSBURY, Respondent-Appellant.—Yesawich, Jr., J. Cross appeals from an order of the Supreme Court (Dier, J.), entered August 16, 1988 in Warren County, which (1) denied defen-

dant's motion to be relieved of two stipulations and for leave to file an amended answer, and (2) denied plaintiff's cross motion for partial summary judgment.

Plaintiff acquired title in 1965 to certain real property located in defendant, the Town of Queensbury, Warren County. Although in the spring of 1978 the parties discussed whether defendant would acquire the subject property to use as a public landfill, no agreement was ever reached. By the end of that summer, however, defendant had integrated the property into an existing landfill operation.

In 1984, more than six years later, plaintiff complained to the State Police that trespassers were removing gravel from a pit located on this property. After the police informed him that the property belonged to defendant, plaintiff sent a letter demanding that defendant cease and desist from any further use, occupancy or trespass on the property. Thereafter, in 1986, plaintiff commenced the instant trespass action, seeking damages as well as possession of the property, immediate removal of all buildings and structures, and a permanent injunction enjoining defendant from trespassing in the future. Defendant filed an amended answer; subsequently, it moved for leave to further amend its answer to assert, among other defenses, the affirmative defense of de facto appropriation. Plaintiff cross-moved for partial summary judgment on the trespass issue. Supreme Court denied both motions.

Absent prejudice or surprise resulting directly from any delay, it is an abuse of discretion, as a matter of law, to deny a motion for leave to serve an amended pleading *(see, D'Onofrio v St. Joseph's Hosp. Health Center,* 101 AD2d 686). Here, defendant's de facto appropriation defense is predicated upon the same facts asserted in plaintiff's complaint *(see, De Brino v Benaquista & Benaquista Realty,* 154 AD2d 812). Because he, in effect, need only defend against the allegations contained in his own complaint, plaintiff cannot claim surprise or prejudice *(see, Schuler v Grand Metro Bldg. Corp.,* 118 AD2d 633, 636).

Moreover, plaintiff realistically can claim no hardship resulting from the amendment *(see, Cutwright v Central Brooklyn Urban Dev. Corp.,* 127 AD2d 731, 732). Furthermore, plaintiff does not describe, other than conclusorily, " 'some special right lost in the interim, some change of position or some significant trouble or expense that could have been avoided had the original pleading contained what the amended one wants to add' " *(Wyso v City of New York,* 91 AD2d 661, 662, quoting Siegel, NY Prac § 237, at 289). It was,

therefore, an improvident exercise of discretion to deny defendant's motion to amend its answer to include the affirmative defense of a de facto taking.

While we agree that Supreme Court properly denied plaintiff's cross motion for partial summary judgment, we are of the view that judgment should have been directed in favor of defendant, the nonmoving party (see, CPLR 3212 [b]). Defendant's entry upon plaintiff's property was either a trespass or a de facto appropriation (see, Carr v Town of Fleming, 122 AD2d 540, 541). Although similar, a de facto appropriation differs from a trespass by the extent of its egregiousness (O'Brien v City of Syracuse, 54 NY2d 353, 357) and permanence (Carr v Town of Fleming, supra; see, 51 NY Jur 2d, Eminent Domain, § 88, at 135).

There is no triable issue here concerning whether a de facto taking occurred when defendant entered upon the property in 1978. The bill of particulars and the examination before trial of defendant's Supervisor indicate unmistakably that defendant permanently interfered with plaintiff's physical use, possession and enjoyment of the subject property. Defendant used the land in conjunction with an adjacent landfill. To further this use, it fenced in the area, installed a trash compactor and tollgate, erected signs indicating that the property was a town landfill, used a trailer located on the property, and entered into contracts permitting a local contractor to extract sand and gravel from the property. In sum, the record evidence convincingly supports defendant's claim of a de facto appropriation; summary judgment should therefore have been granted to defendant on this issue.

Although this action is time barred (CPLR 214 [4]), defendant intimates in its brief and unequivocally represented at oral argument that it will not raise the Statute of Limitations defense to plaintiff's claim for the value of the subject property as of the time of its appropriation in 1978. Given this representation, it is unnecessary to determine whether Supreme Court should have granted defendant's motion to be relieved of the two stipulations whereby it allegedly mistakenly admitted that plaintiff was the owner in fact of the property.

Order modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for leave to file an amended answer; defendant's motion granted, defendant is awarded partial summary judgment on the issue of liability, and matter remitted to the Supreme Court for a plenary

hearing to determine the damages owing to plaintiff; and, as so modified, affirmed. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.