■ LAWRENCE SARNELLI et al., Respondents, v CITY OF NEW YORK, Defendant, and METROPOLITAN TRANSIT AUTHORITY et al., Appellants. [681 NYS2d 578] —In an action, *inter alia*, to recover damages for trespass, the defendants Metropolitan Transit Authority and New York City Transit Authority appeal from so much of an amended order of the Supreme Court, Kings County (R. Goldberg, J.), dated January 27, 1998, as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the amended order is reversed insofar as appealed from, on the law, with costs, the appellants' cross motion is granted, the complaint is dismissed insofar as asserted against them, and the action against the remaining defendant is severed.

In April 1980 the City of New York sold a parcel of vacant land in Brooklyn to the plaintiffs' father at a public auction. However, the property was located in an area which the Metropolitan Transit Authority and the New York City Transit Authority (hereinafter the Transit Authority defendants) had designated for use in the expansion of the Stillwell Avenue railway yard. In March 1983 a contractor hired by the Transit Authority defendants fenced off the property, cleared it of trees and debris, leveled the ground with fill, and began the construction of six electrified subway tracks, which run the entire length of the parcel. It is undisputed that once the property was fenced off for expansion of the railway yard, the plaintiffs were denied access to it except for a single occasion in 1992 or 1993, when the plaintiff Carmine Sarnelli and his attorney were permitted to inspect the parcel. The plaintiffs inherited the property in 1990, and subsequently commenced this action in August 1993, seeking compensatory and punitive damages

for trespass, and a declaration that they have an easement by necessity over the Transit Authority defendants' adjacent land.

The plaintiffs thereafter moved for summary judgment, and the Transit Authority defendants cross-moved for summary judgment dismissing the action insofar as asserted against them, *inter alia*, upon the ground that it was barred by the Statute of Limitations. In support of their position that the action was time-barred, the Transit Authority defendants argued that a de facto appropriation or inverse condemnation had taken place when they fenced off the property for expansion of the railway yard in March 1983. Thus, the defendants maintained that the plaintiffs' claim to compensation accrued in March 1983 when they were effectively deprived of ownership of the property, and that the action was time-barred, *inter alia*, by the three-year Statute of Limitations set forth in CPLR 214 (4). In opposition to the cross motion, the plaintiffs argued that the defendants' encroachment was a continuous trespass giving rise to successive causes of action, which were not time-barred. The Supreme Court denied the Transit Authority defendants' cross motion for summary judgment, finding that there were issues of fact as to whether the defendants' actions constituted a permanent de facto appropriation. We disagree.

"A de facto taking is a permanent ouster of the owner or a permanent physical or legal interference with the owner's physical use, possession, and enjoyment of the property by one having condemnation powers" (*Matter of Ward v Bennett,* 214 AD2d 741, 743). Although a de facto taking or appropriation may be characterized as an aggravated form of trespass, "[t]he basic distinction lies in the egregiousness of the trespass and whether it is of such intensity as to amount to a taking" (*O'Brien v City of Syracuse,* 54 NY2d 353, 357). Where a governmental authority's continuous, permanent trespass onto private property constitutes a de facto taking, "[i]nverse condemnation, rather than trespass, is the appropriate theory for granting damages to an injured landowner" (*Tuffley v City of Syracuse,* 82 AD2d 110, 116). Here, the Transit Authority defendants' evidentiary submissions established that the contractor hired to expand the Stillwell Avenue railway yard fenced off the plaintiffs' property in March 1983 and began construction. Since that time, the Transit Authority defendants have continuously used the property as part of their railway yard, and the plaintiffs have been denied free access to the property. Under these circumstances, it is clear that a de facto taking occurred when the Transit Authority expanded their railway yard onto the plaintiffs' property in March 1983,

thereby interfering with the plaintiffs' physical use, possession, and enjoyment of the property (*see, Sassone v Town of Queensbury,* 157 AD2d 891). Since the plaintiffs' claim for damages arising from the de facto appropriation of the property accrued in March 1983, it is time-barred by the applicable three-year Statute of Limitations (*see,* CPLR 214 [4]; *Gache v Town of Harrison,* 813 F Supp 1037 [SD NY]; *Sassone v Town of Queensbury, supra*).

Finally, we note that since the plaintiffs were effectively divested of ownership of the property in March 1983, their claim that they are entitled to an easement over the property to provide them with access to the parcel is academic. Copertino, J. P., Sullivan, Krausman and Florio, JJ., concur.