■ Leon Linzenberg, Appellant, v Town of Ramapo, Respondent. [766 NYS2d 217]—

In an action, inter alia, for a judgment declaring that the Zoning Law of the Town of Ramapo is unconstitutional as applied to the plaintiff's property and to recover damages based on the approval by the Town of Ramapo of a certain subdivision and related actions which allegedly constituted an inverse condemnation of the property, the plaintiff appeals from an order of the Supreme Court, Rockland County (O'Rourke, J.), dated December 23, 2002, which denied his motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint on the ground, among other things, that it was time-barred.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Rockland County, for the entry of a judgment, inter alia, declaring that the Zoning Law of the Town of Ramapo is constitutional as applied to the plaintiff's property, and that the challenged actions taken by the Town of Ramapo did not constitute an inverse condemnation of the property.

The plaintiff, Leon Linzenberg, sought, inter alia, a judgment declaring that the Zoning Law of the Town of Ramapo is unconstitutional as applied to his property and that the Town's approval of a subdivision, which allegedly locked in his substandard lot, coupled with the subsequent denial of his two requests for area variances, constituted an inverse condemnation of his property.

Since the gravamen of the complaint was to recover damages for inverse condemnation, the three-year statute of limitations set forth in CPLR 214 (4) applies (*see* CPLR 214 [4]; *Gache v Town of Harrison*, 813 F Supp 1037, 1047 [1993]; *cf. Sarnelli v City of New York*, 256 AD2d 399, 401 [1998]; *Sassone v Town of Queensbury*, 157 AD2d 891, 893 [1990]). Contrary to the Supreme Court's determination, Linzenberg's inverse condemnation claim, if any, did not accrue until the Town's Zoning

Board reached a final decision regarding his application for area variances. Therefore, the Supreme Court erred in determining that the complaint was time-barred.

Nevertheless, the cross motion to dismiss the complaint should have been granted on other grounds. Linzenberg never had an absolute right to build a single-family home on the premises without a variance (*see Matter of Gazza v New York State Dept. of Envtl. Conservation*, 89 NY2d 603, 615-616 [1997], *cert denied* 522 US 813 [1997]). Even if Linzenberg had a cognizable property right, however, his conclusory allegations that the property could not yield an economically reasonable return as it was presently zoned were insufficient to establish an unconstitutional taking (*see Spears v Berle*, 48 NY2d 254, 263-264 [1979]; *Raskin v Town of Islip*, 185 AD2d 923, 924 [1992]; *Matter of Kransteuber v Scheyer*, 176 AD2d 724, 726-727 [1991], *affd* 80 NY2d 783 [1992]; *Matter of Loujean Props. v Town Bd. of Town of Oyster Bay*, 160 AD2d 797 [1990]).

Finally, since this was a declaratory judgment action, the matter must be remitted for the entry of a judgment, inter alia, declaring that the Zoning Law was constitutional as applied to Linzenberg's property and the challenged actions taken by the Town did not constitute an inverse condemnation of the property (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Smith, J.P., Crane, Mastro and Rivera, JJ., concur.