*895 The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
In this action by a homeowners association on its own behalf and on behalf of its member homeowners, the plaintiff alleges, among other things, that the defendants — the sponsors, contractors, and builders of the development where the homeowners live — defectively constructed and designed the homes, resulting in latent defects. Construction of the homes began in 1997 and title to some of them closed by December 5, 2001. The plaintiff did not commence this action until December 5, 2007. The defendants Toll at Whippoorwill, L.P, Toll Peppertree, Inc., Toll Holdings, Inc., and Toll Brothers (hereinafter collectively the Toll defendants) moved for summary judgment dismissing all causes of action relating to the sales of the homes on which title had closed prior to December 5, 2001. The Toll defendants argued that the causes of action related to those homes were barred by the statute of limitations. The plaintiff opposed the motion and cross-moved, in effect, for a determination that none of its causes of action was time-barred. The Supreme Court granted the Toll defendants’ motion and denied the plaintiff’s cross motion. The plaintiff appeals, and we affirm.
Contrary to the plaintiff’s contention, the Toll defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the causes of action relating to homes on which title had closed by December 5, 2001. The causes of action as to those homes accrued upon the date of completion of construction, but no earlier than the closing date (see Heritage Hills Socy., Ltd. v Heritage Dev. Group, Inc., 56 AD3d 426, 426-427 [2008]). The Toll defendants established prima facie that construction was already complete on those homes by the closing dates. Moreover, the plaintiffs allegations of fraud, which are incidental to the breach of contract claims, may not serve to extend the statute of limitations (see Cabrini Med. Ctr. v Desina, 64 NY2d 1059, 1061 [1985]; Ruffing v Union Carbide Corp., 308 AD2d 526, 527 [2003]). In opposition to the Toll defendants’ prima facie showing, the plaintiff failed to demonstrate the existence of a triable issue of fact as to the completion of construe *896 tion (see Ruffing v Union Carbide Corp., 308 AD2d at 527). Additionally, the plaintiff failed to raise a triable issue of fact as to whether the statute of limitations was' equitably tolled or whether the Toll defendants should be equitably estopped from relying on the statute of limitations (see Putter v North Shore Univ. Hosp., 7 NY3d 548, 552-553 [2006]).
The plaintiff’s remaining contentions are without merit. Skelos, J.E, Balkin, Leventhal and Cohen, JJ., concur.