■ JOHN STARAKIS et al., Appellants, v EDWARD BAKER et al., Respondents. [993 NYS2d 177]—

In an action to recover damages for fraud and misrepresentation, the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Jamieson, J.), dated June 27, 2013, which granted the defendants' unopposed motion pursuant to CPLR 3211 (a) to dismiss the complaint as time-barred, and (2) an order of the same court dated August 22, 2013, which denied their motion pursuant to CPLR 5015 (a) to vacate their default in opposing the defendants' motion to dismiss the complaint and to vacate the order dated June 27, 2013.

Ordered that appeal from the order dated June 27, 2013, is dismissed, as no appeal lies from an order granted upon the default of the appealing party (*see* CPLR 5511; *J.F.J. Fuel, Inc. v Tran Camp Contr. Corp.*, 105 AD3d 908 [2013]); and it is further,

Ordered that the order dated August 22, 2013, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiffs are the owners of certain real property located on White Plains Avenue in the Village of Elmsford (hereinafter the subject property). In 2000, they entered into a contract with the defendants, pursuant to which the defendants agreed to construct and install a foundation and a two-family modular house on the subject property. On July 31, 2002, the Village issued a certificate of occupancy for the house. In August 2011, the foundation allegedly collapsed after a period of heavy rainfall.

In March 2013, the plaintiffs commenced this action against the defendants, alleging, inter alia, that although the defendants agreed to perform their work in a good and workmanlike manner, in accordance with recognized construction standards

and in compliance with applicable rules and regulations, they knowingly made false representations to the plaintiffs with the intent to deceive them and induce them into entering into the contract. In May 2013, the defendants moved pursuant to CPLR 3211 (a) to dismiss the complaint as time-barred. The plaintiffs did not submit any opposition to the motion. On June 21, 2013, the parties' attorneys executed a stipulation of discontinuance of the action, but did not file it with the clerk of the court until June 30, 2013. In the meantime, in an order dated June 27, 2013, the Supreme Court granted the defendants' unopposed motion to dismiss the complaint as time-barred.

Thereafter, the plaintiffs moved pursuant to CPLR 5015 (a) to vacate their default in opposing the defendant's motion to dismiss the complaint and to vacate the order dated June 27, 2013. In an order dated August 22, 2013, the Supreme Court denied the plaintiffs' motion. The court determined that the plaintiffs could not establish a reasonable excuse for failing to oppose the defendants' motion other than that the motion had been rendered academic by the execution of the stipulation of discontinuance, which resulted in the dismissal of the complaint in any event. The plaintiffs appeal.

We affirm the order dated August 22, 2013, but for reasons that differ from those relied upon by the Supreme Court. Contrary to the determination of the Supreme Court, there is a difference between the parties' voluntary discontinuance, which was without prejudice (*see* CPLR 3217 [c]), and the issuance of an order directing the dismissal of the plaintiffs' complaint as time-barred, which has a res judicata effect (*see Smith v Russell Sage Coll.*, 54 NY2d 185, 194 [1981]; *Sosa v JP Morgan Chase Bank*, 33 AD3d 609, 611 [2006]).

Nevertheless, in order to vacate an order made upon the plaintiffs' failure to oppose a motion, the plaintiffs were required to demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (*see* CPLR 5015 [a] [1]; *Hogan v Schwartz*, 119 AD3d 650 [2014]; *Garcia v Shaw*, 118 AD3d 943 [2014]). Here, the plaintiffs failed to proffer a reasonable excuse for not filing the stipulation of discontinuance during the nine-day period beginning on June 21, 2013, when the stipulation was executed, and June 30, 2013, when the stipulation was filed—a period of time during which the defendants' motion to dismiss the complaint was pending. Further, the plaintiffs failed to proffer a reasonable excuse for not timely seeking an adjournment of the pending dismissal motion. The dismissal motion was made returnable on June 5, 2013, but a written adjournment request was not made until June 6, 2013,

one day after the motion had already been submitted. The plaintiffs' letter of June 6, 2013, did not qualify as a written stipulation, as it was not executed by the defendants' counsel, as required by 22 NYCRR 202.8 (e) (1).

As an additional ground for denying the plaintiffs' request for relief, the plaintiffs were unable to establish a potentially meritorious opposition to the defendants' motion to dismiss the complaint, as the action was, in fact, time-barred. A claim against a contractor for damages arising from defective construction accrues, for limitations purposes, upon completion of performance under the contract (*see City School Dist. of City of Newburgh v Stubbins & Assoc.*, 85 NY2d 535, 538 [1995]; *Village of Lindenhurst v J.D. Posillico, Inc.*, 94 AD3d 1101, 1102 [2012], *affd* 22 NY3d 1024 [2013]). Here, the claim against the defendants accrued no later than July 31, 2002, the date that the Village issued the certificate of occupancy for the house. Despite the fact that the plaintiffs also characterize the action as one sounding in fraud and misrepresentation, it is barred by the six-year statute of limitations applicable to a cause of action alleging breach of contract (*see* CPLR 213 [2]) since all liability for defective construction "has its genesis in the contractual relationship of the parties" (*City School Dist. of City of Newburgh v Stubbins & Assoc.*, 85 NY2d at 538; *see Town of Oyster Bay v Lizza Indus., Inc.*, 22 NY3d 1024, 1030 [2013]).

The plaintiffs' remaining contentions are without merit. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.