In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Incorporated Village of Bayville dated September 20, 2013, which affirmed the Village Building Inspector’s denial of the petitioner/ plaintiff’s application for permits to erect a fence and gates, and action to recover damages for inverse condemnation, the appeal is from an order of the Supreme Court, Nassau County (Brandveen, J.), dated March 26, 2015, which granted the petitioner/plaintiff’s motion to clarify an order of the same court dated December 22, 2014, made upon reargument, and thereupon, in effect, vacated a determination in an order of the same court dated June 27, 2014, granting that branch of the motion of the respondents/defendants which was pursuant to CPLR 3211 (a) to dismiss the cause of action to recover damages for inverse condemnation, and thereupon denied that branch of the motion of the respondents/defendants.
 

 Ordered that the order dated March 26, 2015, is affirmed, with costs.
 

 The petitioner/plaintiff sought a permit from the Incorporated Village of Bayville to erect a fence with crash gates over a private roadway located on property she owned in the Village. The application was denied by the Village Building Inspector, and her appeal to the Village Zoning Board of Appeals (hereinafter the ZBA) was unsuccessful. She commenced this hybrid CPLR article 78 proceeding to review the determination and action to recover damages for inverse condemnation. The petitioner/plaintiff alleged, inter alia, that the denial of the application for the permits allowed public access to her property by means of a private roadway on her property, which resulted in an inverse condemnation of her property.
 

 The respondents/defendants moved to dismiss the first cause of action, which sought relief pursuant to CPLR article 78, as untimely. They separately moved pursuant to, inter alia, CPLR 3211 (a) (5) and (7) to dismiss the second cause of action, which sought to recover damages for inverse condemnation, as untimely, and on the ground that it failed to state a cause of action. In an order dated June 27, 2014, the Supreme Court granted both motions, directed the dismissal of the first cause of action both on the merits and as untimely, and directed the dismissal of the second cause of action pursuant to, inter alia, CPLR 3211 (a) (5) and (7). The petitioner/plaintiff moved for leave to reargue her opposition to both motions. In an order dated December 22, 2014, the court granted reargument and, upon reargument, in effect, adhered to its original determination “except as to that branch of the [petitioner/plaintiff’s] motion addressing the time-barred issue which is granted.” The petitioner/plaintiff then moved to clarify the order dated December 22, 2014. In an order dated March 26, 2015, the court stated that its “intention was to deny [the respondents/ defendants’] motion to dismiss the . . . cause of action for inverse condemnation.” It therefore granted the petitioner/ plaintiff’s motion, and stated, in part, that its “order dated December 22, 2014, is clarified and [the respondents/defendants’] motion to dismiss [the petitioner/plaintiff’s] claim for inverse condemnation as set forth in her second cause of action ... is denied.” The respondents/defendants appeal.
 

 The Supreme Court properly granted the motion to clarify its order dated December 22, 2014, made upon reargument, and thereupon, in effect, vacated the determination in its order dated June 27, 2014, granting that branch of the motion of the respondents/defendants which was pursuant to CPLR 3211 (a) to dismiss the cause of action to recover damages for inverse condemnation, and thereupon denied that branch of the motion. That cause of action should not have been dismissed since, inter alia, it stated a cause of action to recover damages for inverse condemnation (see generally Corsello v Verizon N.Y., Inc., 18 NY3d 777 [2012]), and was timely commenced (see CPLR 214 [4]; Linzenberg v Town of Ramapo, 1 AD3d 321, 322 [2003]).
 

 Mastro, J.P., Leventhal, Maltese and Brathwaite Nelson, JJ., concur.