Board of Mgrs. of the 23-23 Condominium v 210th Place Realty, LLC (2020 NY Slip Op 04143)





Board of Mgrs. of the 23-23 Condominium v 210th Place Realty, LLC


2020 NY Slip Op 04143


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-12602
 (Index No. 707324/16)

[*1]Board of Managers of the 23-23 Condominium, respondent, 
v
210th Place Realty, LLC, et al., appellants, et al., defendants.


Albanese & Albanese LLP, Garden City, NY (Barry A. Oster of counsel), for appellants.
Kishner Miller Himes, P.C., New York, NY (Scott Himes and Morgan Maples of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and fraud, the defendants 210th Place Realty, LLC, 41st Drive Realty Corp., and Cap-Land Homes, Inc., appeal from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), dated June 29, 2018. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the first through third and fifth through seventh causes of action insofar as asserted against the defendants 210th Place Realty, LLC, 41st Drive Realty Corp., and Cap-Land Homes, Inc., as time-barred.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the first through third and fifth through seventh causes of action insofar as asserted against the defendants 210th Place Realty, LLC, 41st Drive Realty Corp., and Cap-Land Homes, Inc., as time-barred is granted.
In June 2016, the plaintiff, on behalf of the unit owners of a condominium building located in Astoria, Queens (hereinafter the condominium), commenced this action seeking to recover damages for allegedly defective construction of the condominium against the sponsor, 210th Place Realty, LLC, its corporate members, 41st Drive Realty Corp. and Cap-Land Homes, Inc. (hereinafter
collectively the corporate defendants), and the shareholders of 41st Drive Realty Corp. and Cap-Land Homes, Inc. The defendants moved for summary judgment dismissing the complaint, arguing, inter alia, that the action was time-barred. In relevant part, the Supreme Court denied that branch of the defendants' motion which was for summary judgment dismissing the first through third and the fifth through seventh causes of action insofar as asserted against the corporate defendants as time-barred. The corporate defendants appeal.
A claim for damages arising from defective construction accrues on the date of completion of the work (see Kamath v Building New Lifestyles, Ltd., 146 AD3d 765, 766; Starakis v Baker, 121 AD3d 669, 671). "This rule applies no matter how a claim is characterized in the complaint' because all liability' for defective construction has its genesis in the contractual relationship of the parties'" (Town of Oyster Bay v Lizza Indus., Inc., 22 NY3d 1024, 1030, quoting City School Dist. of City of Newburgh v Stubbins & Assoc., 85 NY2d 535, 538; see Village of [*2]Lindenhurst v J.D. Posillico, Inc., 94 AD3d 1101, 1102, lv granted 20 NY3d 854). Here, the corporate defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the first through third and fifth through seventh causes of action insofar as asserted against them. The corporate defendants established that the causes of action accrued on October 5, 2007, the date the certificate of occupancy was issued (see Kamath v Building New Lifestyles, Ltd., 146 AD3d at 766; Starakis v Baker, 121 AD3d at 671), and that this action was not commenced until June 2016, more than eight years later, at which time the applicable statutes of limitations had expired.
In opposition, the plaintiff failed to raise a triable issue of fact as to whether the doctrine of equitable estoppel was applicable. The plaintiff did not present evidence of an affirmative act of misconduct or misrepresentation by the corporate defendants that occurred subsequent to the completion of construction in 2007 that prevented the timely commencement of this action (see Ross v Louise Wise Servs., Inc., 8 NY3d 478, 491-492; Zumpano v Quinn, 6 NY3d 666, 673-674). Additionally, the plaintiff's allegations of fraud, which are incidental to the breach of contract cause of action, cannot extend the six-year statute of limitations applicable to a cause of action alleging breach of contract (see Starakis v Baker, 121 AD3d at 671; Whippoorwill Hills Homeowners Assn., Inc. v Toll at Whippoorwill, L.P., 99 AD3d 894, 895).
Furthermore, contrary to the plaintiff's contention, the motion was not premature, as the plaintiff failed to offer an evidentiary basis to suggest that additional discovery may lead to relevant evidence, or that facts essential to opposing the motion were exclusively within the knowledge and control of the corporate defendants (see CPLR 3212[f]; Rodriguez-Garcia v Bobby's Bus Co., Inc., 175 AD3d 631, 632; Lazarre v Gragston, 164 AD3d 574, 575).
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the first through third and the fifth through seventh causes of action insofar as asserted against the corporate defendants as time-barred.
LEVENTHAL, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court