Savo v City of New York (2022 NY Slip Op 05343)

Savo v City of New York

2022 NY Slip Op 05343

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2021-02170
 (Index No. 152692/19)

[*1]Bruno Savo, et al., respondents, 
v
City of New York, appellant.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Adam C. Dembrow, Rochelle Cohen, and Emily Keyes of counsel), for appellant.
John Wm. Zaccone, Staten Island, NY, for respondents.

DECISION & ORDER
In an action to recover damages for inverse condemnation, the defendant appeals from an order of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), dated March 10, 2021. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
The plaintiffs, Bruno Savo and Michael Savo, own three nonadjacent lots (hereinafter the properties) located within Long Pond Park Preserve in Staten Island (hereinafter the preserve). The plaintiffs originally purchased the properties on December 1, 1994, through a corporate entity, Savo Brothers, Inc., before transferring ownership to themselves on March 31, 2016, for no consideration, in a transaction which they characterized in a real property transfer report as a "[m]ere change of identity [of ownership]." Each of the three properties is completely surrounded by lots owned by the City of New York, which owns a majority of the lots within the preserve. By 1954, the City had acquired all of the lots which surround two of the three properties now owned by the plaintiffs. With respect to the third property now owned by the plaintiffs, the City acquired most of the lots surrounding the property in 1954 and acquired the final lot surrounding the property in 1995.
In 2006, the City began the process of potentially acquiring by eminent domain the properties, along with other privately owned properties within the preserve. By letter dated June 12, 2006, the New York City Department of Parks & Recreation (hereinafter the Parks Department) informed Savo Brothers, Inc., of a determination and findings, after a public hearing, approving the Parks Department's acquisition of the properties. In August 2016, the plaintiffs' counsel inquired by email about the status of the acquisition and received a response from a Parks Department representative on August 31, 2016, stating that the properties were "on our list to be acquired." In 2019, the plaintiffs' counsel sent further email correspondence to the Parks Department for the stated purpose of facilitating the Parks Department's acquisition of the properties. In an email dated July 9, 2019, a Parks Department representative responded that the properties "are on a list of potential acquisitions" and "no funding was secured yet."
On November 26, 2019, the plaintiffs commenced this action against the City, [*2]asserting a cause of action to recover damages for inverse condemnation. The plaintiffs alleged that there are no means of ingress or egress to or from the properties and the City's "failure to acquire the [properties], while contemporaneously failing to provide for ingress and egress to the [properties], constituted a taking for the public use under color of state and city law." After issue was joined, the City moved for summary judgment dismissing the complaint, contending that the plaintiffs' cause of action was time-barred. The plaintiffs opposed the motion.
In an order dated March 10, 2021, the Supreme Court denied the City's motion without prejudice to renew after the completion of discovery. The court determined that the plaintiffs had raised a triable issue of fact as to the applicability of the doctrine of equitable estoppel to the City's statute of limitations defense. The City appeals.
"In a modern inverse condemnation action, an owner whose property has been taken de facto may sue the entity that took it to obtain just compensation" (Corsello v Verizon New York, Inc., 18 NY3d 777, 786). An inverse condemnation cause of action accrues at the time of the taking (see Sarnelli v City of New York, 256 AD2d 399, 400-401; Sassone v Town of Queensbury, 157 AD2d 891, 893) and is subject to the three-year statute of limitations set forth in CPLR 214(4) (see Linzenberg v Town of Ramapo, 1 AD3d 321, 322).
Here, in opposition to the City's prima facie showing of its entitlement to judgment as a matter of law on the ground that the action was time-barred (see CPLR 214[4]; Sarnelli v City of New York, 256 AD2d at 400-401), the plaintiffs failed to raise a triable issue of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether they actually commenced the action within the applicable limitations period (see HSBC Bank USA, N.A. v Grella, 176 AD3d 924, 925). Contrary to the plaintiffs' contention, they did not raise a triable issue of fact as to the applicability of the doctrine of equitable estoppel, as they failed to present evidence of an affirmative act of misconduct or misrepresentation by the City that occurred within the limitations period and prevented them from timely commencing this action (see Board of Mgrs. of the 23-23 Condominium v 210th Place Realty, LLC, 185 AD3d 890, 891; Clark v Ravikumar, 90 AD3d 971, 972). Nor did the plaintiffs offer "an evidentiary basis to suggest that additional discovery may lead to relevant evidence" on the estoppel issue, "or that facts essential to opposing the motion were exclusively within the knowledge and control of [the City]" (Brooklyn Cancer Care Med., P.C. v Brooklyn Hosp. Ctr., 201 AD3d 861, 862; see Board of Mgrs. of the 23-23 Condominium v 210th Place Realty, LLC, 185 AD3d at 891). Accordingly, the Supreme Court should have granted the City's motion for summary judgment dismissing the complaint.
The plaintiffs' request for leave to amend the complaint is improperly raised for the first time on appeal (see Brandenburg v St. Michael's Cemetery, 92 AD3d 631, 633).
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court