Morris v Tausik (2023 NY Slip Op 06736)

Morris v Tausik

2023 NY Slip Op 06736

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2020-00643
 (Index No. 604027/17)

[*1]Henry Morris, etc., et al., appellants,
v
David Tausik, et al., respondents.

Orlee Goldfeld (Lynn Gartner Dunne, LLP, Mineola, NY [Kenneth L. Gartner], of counsel), for appellants.
Seyfarth Shaw LLP, New York, NY (Jonathan P. Wolfert, Eddy Salcedo, and Owen Wolfe of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered June 8, 2023. The judgment, insofar as appealed from, upon a decision of the same court entered December 5, 2019, made after a nonjury trial on the issue of liability, is in favor of the defendants and against the plaintiffs, in effect, dismissing so much of the first cause of action, alleging breach of contract, as was based on the sale of a certain property and the acquisition of certain shares of the defendant Townan Realty, LLC, by the defendants David Tausik and Douglas Tausik and the second through eighteenth causes of action, granting the defendants' counterclaim for declaratory relief, and declaring that the plaintiffs Henry Morris and R. Beth Eichenholtz only have a profit participation interest in distributions from the defendant Townan Realty, LLC, to the defendants David Tausik and Douglas Tausik, and the plaintiffs Henry Morris and R. Beth Eichenholtz do not have an ownership interest in the defendant Townan Realty, LLC.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
Townan Realty Corporation (hereinafter collectively with its later forms as a partnership and limited liability company, Townan), which owned real property in Manhattan, including properties known as the Buchanan and the Hotel Middletowne, was formed on September 26, 1949. In 1949, Anne Tausik and Anna Morris Chasen entered into an agreement whereby Anna Morris Chasen, in effect, purchased 10% of Anne Tausik's 30% interest in Townan Realty Corporation. The agreement was subsequently memorialized in a letter signed by both women dated January 25, 1950.
In 1954, the assets of Townan Realty Corporation were transferred and Townan Realty Company formed as a partnership with five general partners: Anne Tausik, Harry B. Helmsley, and Bernard H. Kayden, who each held a 30% partnership interest, Irving Schneider, who held a 3¾% partnership interest, and Kimball C. Atwood, Jr., who held a 6¼% partnership interest. In January 1975, following the death of Atwood, Atwood's interest was assigned to the four surviving partners on a pro rata basis, and the partnership continued with Anne Tausik, Helmsley, and Kayden each holding a 32% partnership interest, and Schneider holding a 4% partnership [*2]interest.
During the course of Anne Tausik's life, when Anne Tausik received a distribution from Townan, she forwarded to Anna Morris Chasen, and later to Anna Morris Chasen's sons, Joseph Morris and Norman Morris, Anna Morris Chasen's pro rata share, 10% of Anne Tausik's original 30% interest, of the distribution she received. Anne Tausik passed away in 1988 and her shares in Townan ultimately passed to her grandchildren, David Tausik and Douglas Tausik. When Joseph Morris passed away, his interest in the agreement between Anne Tausik and Anna Morris Chasen passed to the Joseph Morris Trust, portions of which were ultimately distributed to his children, Henry Morris and R. Beth Eichenholtz. Norman Morris's interest in the agreement ultimately passed to his daughter, Sherry Morris.
In 1996, Townan converted from a partnership to a limited liability company, Townan Realty, LLC. In 2009, David Tausik and Douglas Tausik, along with the Kayden family, purchased the Townan interests originally owned by Helmsley and Schneider. In order to fund the purchase, David Tausik and Douglas Tausik took a loan from the Kayden family and pledged their distributions from Townan to pay the interest. As a result, from in or about 2009 to 2012, no distributions were directly made from Townan to David Tausik and Douglas Tausik and no related payments were made to the Morris family. In 2011, Sherry Morris sold her interest in the agreement to David Tausik and Douglas Tausik. In 2012, Townan took out a mortgage loan on the Buchanan, and David Tausik and Douglas Tausik used their share of the mortgage loan proceeds to repay the loan from the Kayden family. In or about 2013, payments were made to the remaining interest holders in the Morris family to make up for the nonpayment of their share of distributions during in or about 2009 through 2012. In or about 2016, Townan exchanged its real estate holdings in New York, pursuant to 26 USC § 1031, for other properties in California and Washington.
In 2017, the plaintiffs, Henry Morris, Eichenholtz, and Sherry Morris, commenced this action asserting 18 causes of action sounding in, inter alia, breach of contract, breach of fiduciary duty, fraud, and rescission, and the defendants, David Tausik, Douglas Tausik, Townan Realty, LLC, and other corporate entities, answered, asserting six counterclaims. After a nonjury trial on the issue of liability, the Supreme Court decided in favor of the plaintiffs on so much of the cause of action alleging breach of contract as was based on David Tausik's and Douglas Tausik's failure to distribute the Morris family's share of the proceeds from the 2012 Buchanan mortgage loan and, in effect, dismissed the remaining causes of action. The court also granted the defendants' counterclaim for declaratory relief, declaring, in substance, that Henry Morris and Eichenholtz only have a profit participation interest in David Tausik's and Douglas Tausik's distributions from Townan, and Henry Morris and Eichenholtz do not have an ownership interest in Townan.
To these ends, the Supreme Court found that the plaintiffs were not, and had never been, partners, members, shareholders, or co-owners in any venture with the defendants or their ancestors, rather the plaintiffs only had a right, which David Tausik and Douglas Tausik recognized, to share in distributions made from Townan to David Tausik and Douglas Tausik. Thus, the court found that the agreement originally made by Anne Tausik and Anna Morris Chasen only provided Henry Morris and Eichenholtz a profit participation interest in the distributions David Tausik and Douglas Tausik received from Townan, and therefore the bulk of the plaintiffs' contract-based claims failed. The court also found that the parties' relationship did not give rise to fiduciary obligations, and therefore the various causes of action based on an alleged fiduciary duty failed. The court further found that the plaintiffs failed to establish a misrepresentation or omission by the defendants sufficient to support their fraud-based claims and, similarly, that Sherry Morris failed to prove the various causes of action seeking to rescind the 2011 sale of her interest to David Tausik and Douglas Tausik. The plaintiffs appeal.
"In reviewing a determination made after a non-jury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony" (Winston v Reichenbaum, 209 AD3d 801, 804 [internal quotation marks omitted]). In this case the Supreme Court's findings on the issues of liability were warranted by the [*3]facts adduced at trial. The writings and other evidence pertaining to the 1949 agreement between Anne Tausik and Anna Morris Chasen support the court's determination that the agreement was limited to Anna Morris Chasen's right to receive 10% of the distributions received by Anne Tausik on account of her original 30% ownership interest in Townan. The original agreement continued unaltered with respect to Anne Tausik's and Anna Morris Chasen's respective successors in interest.
Contrary to the plaintiffs' contention, the doctrine of tax estoppel is inapposite under the circumstances, particularly given that the defendants offered a reasonable explanation for a discrepancy between a tax return for the estate of Anne Tausik and David Tausik's and Douglas Tausik's current position with respect to their ownership interest in Townan (see Tradesman Program Mgrs., LLC v Doyle, 202 AD3d 456, 457; Matter of Elmezzi, 124 AD3d 886, 887). Furthermore, the tax return at issue was prepared by a third-party accountant (see Matter of Cusimano v Strianese Family Ltd. Partnership, 97 AD3d 744, 745).
Since the Supreme Court properly determined that the agreement between Anne Tausik and Anna Morris Chasen provided the plaintiffs only the right to their pro rata share of distributions that David Tausik and Douglas Tausik received from Townan, the court properly, in effect, dismissed so much of the breach of contract cause of action as was based on the sale of the Buchanan and David Tausik's and Douglas Tausik's acquisition of the Townan interests formerly owned by Helmsley and Schneider.
"A fiduciary relationship arises between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 561 [internal quotation marks omitted]; see Lawrence v Kennedy, 95 AD3d 955, 958). "A fiduciary relationship, whether formal or informal, is one founded upon trust or confidence reposed by one person in the integrity and fidelity of another . . . and might be found to exist, in appropriate circumstances, between close friends . . . or even where confidence is based upon prior business dealings" (Lawrence v Kennedy, 95 AD3d at 958 [alterations and internal quotation marks omitted]; see J.D. v Roman Catholic Diocese of Brooklyn, 203 AD3d 880, 882). Here, the record supports the Supreme Court's determination that no fiduciary relationship existed between the parties and thus, the causes of action based upon the existence of a fiduciary duty were properly, in effect, dismissed.
The record also supports the Supreme Court's finding that the plaintiffs failed to prove that David Tausik and Douglas Tausik made intentionally false claims, or the plaintiffs' reliance thereon, to warrant liability on the causes of action alleging fraudulent misrepresentation, constructive fraud, and fraudulent concealment (see generally Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 178-180; Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d at 559; Levin v Kitsis, 82 AD3d 1051, 1054).
Similarly, the plaintiffs failed to demonstrate that David Tausik and Douglas Tausik made false representations or concealed material facts in negotiating the purchase of Sherry Morris's profit participation interest in Townan or that she was "compelled to agree to the contract terms because of a wrongful threat . . . which precluded the exercise of [her] free will" (805 Third Ave. Co. v M.W. Realty Assoc., 58 NY2d 447, 451; see Madey v Carman, 51 AD3d 985, 987).
The plaintiffs' contention that the original agreement between Anne Tausik and Anna Morris Chasen established a tenancy in common with respect to the two sides' mutual interest in Townan is improperly raised for the first time on appeal.
The plaintiffs' remaining contentions are without merit.
Accordingly, we affirm the judgment insofar as appealed from.
IANNACCI, J.P., GENOVESI, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court