Board of Mgrs. of the Lido Beach Towers Condominium v City of Long Beach (2024 NY Slip Op 00290)

Board of Mgrs. of the Lido Beach Towers Condominium v City of Long Beach

2024 NY Slip Op 00290

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-07238
 (Index No. 600497/22)

[*1]Board of Managers of the Lido Beach Towers Condominium, respondent, 
v
City of Long Beach, appellant.

Dennis Cohen, Corporation Counsel, Long Beach, NY (Steven Pambianchi of counsel), for appellant.
Litt Law Group, LLC, Rockville Centre, NY (Robert G. Litt of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for inverse condemnation, the defendant appeals from an order of the Supreme Court, Nassau County (Christopher G. Quinn, J.), entered August 3, 2022. The order denied the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In the fall of 2018, the plaintiff and the defendant entered into an agreement permitting the defendant a temporary easement over the plaintiff's property for certain public works. The agreement required the defendant to seek a permanent easement via condemnation. The defendant began work on January 29, 2019.
In response to the defendant's failure to timely condemn the easement, the plaintiff commenced this action, alleging inverse condemnation and seeking, inter alia, just compensation. The defendant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred under CPLR 217-a. In an order entered August 3, 2022, the Supreme Court denied the defendant's motion. The defendant appeals.
"An inverse condemnation cause of action accrues at the time of the taking and is subject to the three-year statute of limitations set forth in CPLR 214(4)" (Savo v City of New York, 208 AD3d 1377, 1378 [citations omitted]; see Linzenberg v Town of Ramapo, 1 AD3d 321, 322; Sarnelli v City of New York, 256 AD2d 399, 401). Contrary to the defendant's contention, the enactment of CPLR 217-a did not alter the statute of limitations for such actions, since "[a] cause of action sounding in inverse condemnation is not founded in tort, and, therefore, compliance with the notice of claim provisions of General Municipal Law § 50-e" and the provisions of General Municipal Law § 50-i is unnecessary (Clempner v Town of Southold, 154 AD2d 421, 425; see County of Jefferson v Onondaga Dev. LLC, 151 AD3d 1793, 1797). Here, since the parties agree that the cause of action alleging inverse condemnation accrued on January 29, 2019, and the plaintiff commenced this action on January 10, 2022, within the three-year statute of limitations, the Supreme [*2]Court properly denied the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
We decline the plaintiff's request to impose a sanction against the defendant for prosecuting this allegedly frivolous appeal (see 22 NYCRR 130-1.1).
IANNACCI, J.P., GENOVESI, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court