Lurie v Lurie (2024 NY Slip Op 02183)

Lurie v Lurie

2024 NY Slip Op 02183

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2022-07498
 (Index No. 515908/18)

[*1]Neil Lurie, et al., appellants,
v
Abraham Lurie, et al., respondents.

Morrison Cohen LLP, New York, NY (Y. David Scharf, Kristin T. Roy, Joaquin Ezcurra, and Joseph J. Kamelhar of counsel), for appellants.
Law Offices of Louis Venezia, P.C., Forest Hills, NY, for respondents.

DECISION & ORDER
In an action for a judgment declaring that the plaintiff Neil Lurie is the sole owner and stockholder of the plaintiff Lurie Management Corp., to impose a constructive trust, and to recover damages for breach of fiduciary duty, the plaintiffs appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 15, 2022. The order, insofar as appealed from, denied the plaintiffs' motion for summary judgment dismissing the first and second counterclaims of the defendant Abraham Lurie and the first, fifth, and sixth counterclaims of the defendants Neil Lurie Trust, Susan Lurie Trust, and Leila Lurie Trust.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2018, the plaintiffs, Neil Lurie and Lurie Management Corp. (hereinafter LMC), commenced this action against the defendant Abraham Lurie and the defendants Neil Lurie Trust, Susan Lurie Trust, and Leila Lurie Trust (hereinafter collectively the Trust defendants, and together with Abraham Lurie, the defendants), inter alia, for a judgment declaring that Neil Lurie is the sole owner and stockholder of LMC. The plaintiffs alleged, among other things, that Abraham Lurie gifted ownership of LMC to Neil Lurie via a stock certificate executed by Abraham Lurie in 1998. The defendants' answers asserted, inter alia, counterclaims for a judgment declaring that the Trust defendants are the sole shareholders of LMC and an accounting. The factual and procedural history of this action is set forth in this Court's decision and order on a prior appeal (see Lurie v Lurie, 200 AD3d 669) and in our decision and order on a related appeal (see Lurie v Lurie, _____ AD3d _____ [Appellate Division Docket No. 2021-04524; decided herewith]).
The plaintiffs moved, inter alia, for summary judgment dismissing Abraham Lurie's first and second counterclaims, which were for declaratory relief and an accounting, respectively, and the Trust defendants' first, fifth, and sixth counterclaims, which were for declaratory relief, for an accounting, and conversion, respectively. The plaintiffs argued that those counterclaims were time-barred. By order dated June 15, 2022, the Supreme Court denied the motion, determining, among other things, that triable issues of fact exist as to when the counterclaims accrued. The plaintiffs appeal.
On a motion to dismiss on statute of limitations grounds, the movant has the initial [*2]burden of establishing, prima facie, that the time in which to sue has expired (see Vissichelli v Glen-Haven Residential Health Care Facility, Inc., 136 AD3d 1021, 1022). If the movant meets that burden, the burden then shifts to the nonmoving party to raise a triable issue of fact as to the applicability of an exception to the statute of limitations, as to whether the statute of limitations was tolled, or as to whether the action was actually commenced within the applicable limitations period (see id. at 1022; Savo v City of New York, 208 AD3d 1377, 1378).
The statute of limitations for a claim or counterclaim begins to run when the claim accrues, and the period concludes when the claim is interposed (see CPLR 203[a]). A counterclaim is interposed when a pleading asserting the counterclaim is served (see id. § 203[d]; Farro v Schochet, 190 AD3d 698, 698-699).
A cause of action alleging conversion typically must be commenced within three years of the alleged conversion (see CPLR 214[3]) and "accrues and the limitations period begins to run on the date the conversion allegedly occurred" (Matter of Asch, 164 AD3d 787, 788; see Sunyoung Jung v Reiner & Kaiser Assoc., 220 AD3d 643, 644). Here, since the alleged conversion of LMC by Neil Lurie occurred, at the earliest, on December 23, 2015, the Trust defendants' counterclaim alleging conversion was timely, having been interposed less than three years later, on October 9, 2018.
As to the defendants' respective counterclaims for declaratory relief, the plaintiffs failed to establish as a matter of law that Neil Lurie directly and definitively repudiated the alleged ownership interests of the Trust defendants in LMC six or even three years before the defendants interposed their respective counterclaims (see Mehdizadeh v Mehbisar, Inc., 173 AD3d 851, 852; Zwarycz v Marnia Constr., Inc., 102 AD3d 774, 776). Contrary to the plaintiffs' contention, the defendants' respective counterclaims for declaratory relief did not accrue when Neil Lurie allegedly claimed ownership of LMC during a discussion with Susan Lurie in 2012, since the Trust defendants did not have any "substantial legal interests" (Cong. Machon Chana v Machon Chana Women's Inst., Inc., 162 AD3d 635, 637 [internal quotation marks omitted]) in LMC at that time (see CPLR 3001; Westhampton Beach Assoc., LLC v Incorporated Vil. of Westhampton Beach, 151 AD3d 793, 796). Moreover, even if Abraham Lurie discovered that Neil Lurie signed LMC's biennial statements in 1999 and 2001 (see Business Corporation Law § 408[3][b]) naming himself as director/owner of LMC, the defendants raised a triable issue of fact as to when the counterclaims accrued (see Matter of Village of Scarsdale v New York City Water Bd., 33 AD3d 1011, 1013) by submitting evidence (see Rules of Commercial Div. of Sup Ct [22 NYCRR 202.70(g)] rule 19-a) that, upon discovering and correcting the change in 2003, Abraham Lurie accepted Neil Lurie's excuse that he made the change "as a matter of convenience." As to the 2004 tax return signed by Abraham Lurie, the defendants raised a triable issue of fact as to whether the doctrine of tax estoppel applies under the circumstances (see Morris v Tausik, 222 AD3d 969; Tradesman Program Mgrs., LLC v Doyle, 202 AD3d 456).
The plaintiffs' remaining contentions are without merit.
DUFFY, J.P., MILLER, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court